Syllabus.

MARTHA FRANCIS *et al.*

*v.*

WILLIAM ROADES *et ux.*

*Filed at Springfield October 27, 1893.*

1. EVIDENCE—*hearsay—declarations of grantor in deed, and of wife of grantee.* The declarations of the grantor of land, and those of the wife of the grantee, all made out of the presence of the latter, being hearsay, are not competent evidence against the grantee, on bill by the heirs of his deceased wife to establish a resulting trust in favor of the complainants.

2. WITNESS—*competency of wife of a party.* The wife of a complainant in a bill in chancery, to establish a resulting trust, is not competent to testify for her husband.

3. RESULTING TRUST—*evidence to show, must be clear and satisfactory* Where a husband and wife, and several of the wife's brothers, made a deed for premises inherited by the wife and her brothers from their father, and the grantee thereupon conveyed forty acres of the land to the husband for the expressed consideration of $125, it was *held,* that the presumption, arising from the transfer of the legal title and the recitals in the deed to the husband, was, that the husband was the purchaser with his own means, and that to overcome this presumption and establish a resulting trust in the wife by parol, the evidence must be full, clear and satisfactory.

4. Parol evidence, to establish a resulting trust in the grantor of real estate in favor of another, must be of such clear and convincing character as to satisfy the mind of the chancellor that the title was taken by the grantee under such circumstances that the trust at once resulted. Proof of casual and loose declarations of the grantee, made many years before the hearing, will not be sufficient.

5. Where a husband, after a conveyance to him of land in 1849, for forty-three years thereafter was in the actual possession of the same, claiming title, and erected houses, barns and other buildings thereon, fenced the same, planted orchards, and otherwise improved it, paying all the taxes thereon, it was *held,* that after such long assertion of right by him, and acquiescence on the part of his wife and her heirs, the court should not disturb the legal title, on bill by her heirs to establish a resulting trust in favor of the complainants, except on the clearest and most satisfactory evidence.

6. SAME—*whether it arises.* Where a conveyance is made by a husband and wife and three of the wife's brothers, of land inherited by

them, to another brother, and he makes a conveyance of a part of the land to the husband, with the wife's consent, she intending thereby to give the land to him, with full knowledge of her rights and without fraud or undue influence, no resulting trust will arise in favor of the wife.

7. ADVANCEMENT—*by wife to husband.* While an advancement from a wife to her husband can not be presumed, yet the wife may invest the husband with title through a third person, and thereby execute a valid gift.

APPEAL from the Circuit Court of Jersey county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

This was a bill filed by appellants, in the Jersey circuit court, against appellees, to declare a resulting trust in their favor in forty acres of land, described as the north half of the south-east quarter of the south-east quarter of section 7, and the north half of the south-west quarter of the south-west quarter of section 8, all in township 6, north, range 11, west of the third principal meridian, in Jersey county.

On and prior to the 2d day of March, 1849, Elizabeth Roades, then wife of appellee William Roades, owned, by descent, the undivided one-eighth of a tract of land, and on that day, joined by her husband and certain of her brothers, conveyed the tract to Nathan C. Swan, for an expressed consideration of $500. On the same day Nathan C. Swan conveyed forty acres of said tract, being the south-east quarter of the south-east quarter of section 7, to William Roades, for the expressed consideration of $125. On June 19, 1852, William Roades, appellee, joined by said Elizabeth, as his wife, conveyed the south half of said forty acres to Semple, and received in exchange therefor the north half of the south-west quarter of the south-west quarter of said section 8, which was by Semple deeded to William Roades. Other facts appearing are sufficiently stated in the opinion of the court.

On hearing, upon bill, answer, replication and proofs, the court entered a decree dismissing the bill, and complainants appeal.

Mr. Levi Davis, Jr., for the appellants :

It is a principle of the law that where one buys property, and pays the purchase money with his own funds, and has the title placed in the name of another person, a resulting trust arises in favor of him who has so paid the purchase money, and he is regarded as the equitable owner of the property bought. *Champlin* v. *Champlin,* 136 Ill. 309; *Cook* v. *Patrick,* 135 id. 499.

Where a husband purchases land with the separate estate of his wife in his hands, and takes the title in his own name, a trust results to the wife. 1 Perry on Trusts, sec. 127, and cases cited; *Calkins* v. *Cheney,* 92 Ill. 463.

To raise a resulting trust it is not necessary that the consideration should be money,—it may be services, land, or any other thing of value.

Where husband and wife occupy land together, his possession is not adverse to her. *Sanford* v. *Finkle,* 112 Ill. 152.

The doctrine of *laches* in making a claim to land can be invoked only by a person in possession against a person out of possession. *Bush* v. *Stanley,* 122 Ill. 406; *Hall* v. *Railway Co.* 143 id. 163; *Orthwein* v. *Thomas,* 127 id. 554; *Newell* v. *Montgomery,* 129 id. 58.

Mr. O. B. Hamilton, for the appellees :

The recital in a deed for land of the consideration paid is *prima facie* evidence that it is the true sum paid. *Howell* v. *Moores,* 127 Ill. 67.

Natural love and affection are a good consideration for a deed, in the absence of proof of any arrangement by which the grantee was to hold the title conveyed to him in trust for the grantor. *Danville Seminary* v. *Mott,* 136 Ill. 289.

If the consideration for the deed to the land in controversy to William Roades, as grantee, was the interest of Elizabeth Roades in her father's land, the presumption is that she intended the conveyance to be an advancement to her husband,

and this presumption prevails until it is overcome by the evidence on behalf of appellants. *Maxwell* v. *Maxwell*, 109 Ill. 588; *Johnston* v. *Johnston*, 138 id. 385.

In order to establish a resulting trust it must be clearly established by the evidence that at the time of making the deed it was the intention of the parties to create a resulting trust. *Reed* v. *Reed*, 135 Ill. 482; *Furber* v. *Page*, 143 id. 622.

The evidence to establish a resulting trust must be clear, and must be received with great caution. *Reed* v. *Reed*, 135 Ill. 482; *Furber* v. *Page*, 143 id. 622.

Under the stipulation in this case, saving all objections to evidence, the court below is presumed to have rendered the decree in this case only on competent evidence. *Gordon* v. *Reynolds*, 114 Ill. 118; *Allison* v. *Perry*, 130 id. 9; *Sawyer* v. *Campbell*, id. 186; *Magnusson* v. *Charlson*, 32 Ill. App. 580; *Coal Co.* v. *Crane Bros. Manf. Co.* 38 id. 555; *Burt* v. *Burt*, 40 id. 536.

Evidence of statements made by Elizabeth Roades in her lifetime, and not made in the presence or hearing of appellee William Roades, is incompetent. *Corder* v. *Corder*, 124 Ill. 229.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

We are of opinion that the decree entered, dismissing the bill in this cause for want of equity, must be affirmed. The deed from Nathan C. Swan to William Roades, dated March 2, 1849, was for the expressed consideration of $125. The evidence shows that said Roades, with his family, went into possession of the land at once, cleared and improved it, erected thereon a dwelling, barns and other buildings, and has ever since occupied it as a homestead, claiming to be the owner in fee. Mrs. Elizabeth Roades, in whose favor the trust is claimed to have resulted, upon the execution and delivery of said deed to her husband, William Roades, lived in the homestead with her husband from 1849 until her death, in

1876, and no act on her part looking to an assertion of ownership or claim of title is shown. True, if her declarations, made out of the presence of William Roades, were competent, it is shown that when there was some talk of dividing up the property among the children, she objected to the homestead being given to a daughter of William Roades by a former marriage, but the reason given precludes the idea that she then claimed to own the land. Augusta Roades, wife of one of complainants, testified, at their instance, that about twenty years before testifying she had a conversation, in respect of this land, with Elizabeth Roades, and that "in speaking of dividing, in the first place she wanted her son, my husband, to have the homestead, as he was her only son, and as it had belonged to her." This is the entire statement of that conversation by the witness, and while not competent as against appellees, the appellants, having introduced it, can not complain of its consideration. This statement is wholly inconsistent with a claim of present ownership by Elizabeth Roades, and with the farther claim that she did not know that the title was in her husband. If she thought she was the owner, she would have proposed giving her son the land, and have asserted some present right to control its disposition. Instead, she expressed a desire—a wish—that he might have it because he was their only son, and the land had originally, or at some time, belonged to her. This statement, that the land had belonged to her, is, under the facts shown, entirely consistent with ownership by the husband under the deed of March 2, 1849. But aside from this, there is ample evidence in this record that she knew the title was in her husband, and acquiesced in his assertion and claim of ownership. In 1852 she joined her husband in a deed to the south half of the forty acres conveyed to him by the deed of March 2, 1849, for the purpose of releasing her dower, and acknowledged the same in the usual form. The land was notoriously called and known as William Roades' land. It was so shown upon the county

map, in the house. It was always assessed in his name, and he paid the taxes every year since the time he acquired title.

Appellants introduced in evidence the declarations of Nathan C. Swan, grantor in the deed upon which the trust is claimed to arise, in derogation of the title he conveyed, and also statements and declarations of Elizabeth Roades, all made out of the presence of William Roades. This evidence was hearsay, and incompetent as against appellees. (*Corder v. Corder,* 124 Ill. 229.) The testimony of no one who was present at the time of the conveyance by Nathan C. Swan to William Roades, or who knew of the attending facts and circumstances, was introduced, and the hearsay evidence being properly excluded, there is in this record no evidence tending to overcome the presumption of purchase by William Roades, other than loose declarations said to have been made by him. It is shown that William Roades was, at the time of the hearing, over eighty-one years of age, and feeble and infirm, which undoubtedly accounts for the non-appearance of his testimony in this record. His son, one of complainants, testifies to a single conversation in 1865, in which he states, "He told me the forty acres was my mother's." The witness then says that the forty acres "spoken of by my father, is land that belonged to my mother's father, and the forty acres that was deeded to my mother by her father, which the house stands on,—the same forty on which my father and step-mother now reside." It will scarcely need farther comment to show the unreliability of the memory of this witness, testifying to declarations made twenty-seven or twenty-eight years previously. There is no pretence that this forty acres of land, or any forty acres, was deeded to his mother by her father, or by any one else. Indeed, the record shows that her father died leaving eight children, to whom his land descended, and that Nathan C. Swan, who was the grantor in the deed to William Roades, and one of the heirs, bought the interest of all his other heirs but one, Mrs. Mary Witt, in the land. Again, twenty acres of

the forty, upon which the house was situated and where appellees lived, were traded for, in 1852, by William Roades. Moreover, the witness does not pretend to give the language employed. "He told me the land was my mother's," is a conclusion of the witness, and not the language of his father, speaking in the present tense, of the then condition of affairs. The mother was then in life, and lived eleven years afterwards. There was then no controversy in respect of the land· or its ownership. It could not have been anticipated that the mother would die and a controversy arise out of the father's marrying again, and hence there was nothing, so far as appears, to fix the conversation, which seems to have been entirely casual, in the mind of the witness. The testimony, depending as it does upon the accuracy of recollection of a chance conversation had more than a quarter of a century before, nothing being shown to have transpired in the meantime to refresh or re-charge the memory, was not such evidence as would clearly and satisfactorily establish a resulting trust. *Reeve* v. *Strawn,* 14 Ill. 94; *Bragg* v. *Geddes,* 93 id. 40; *Harris* v. *McIntyre,* 118 id. 275; *Corder* v. *Corder, supra; Heneke* v. *Floring,* 114 id. 554; *Green* v. *Deitrich,* id. 636; *Furber* v. *Page,* 143 id. 622; *Towle* v. *Wadsworth,* 147 Ill. 80.

The presumption arising from the transfer of the legal title, and the recitals in the deed, is, that the grantee was the purchaser with his own means, and to overcome this presumption, and establish a resulting trust in another by parol, the doctrine is settled in this State by the foregoing cases, in entire harmony with the rule elsewhere, (Pomeroy's Eq. Jur. 1040,) that the evidence must be full, clear and satisfactory to the mind of the court, showing that the transaction was such, at the moment the title vested, that the trust arose. All the authorities agree that parol evidence to establish the trust must be of such clear and convincing character as to satisfy the mind of the chancellor that the title was taken by the grantee under such circumstances that the trust at once resulted.

41—146 ILL.

Tested by this well established rule, it seems clear the evidence falls short of its requirements. The same is true of the testimony of Augusta Roades, if it was otherwise proper to consider it against appellees. She, being the wife of one of the complainants, was incompetent to testify. (Rev. Stat. sec. 5, chap. 51; *Smith* v. *Long,* 106 Ill. 485.) But if considered, it shows no more than an admission by appellee William Roades that his wife, Elizabeth, "to begin with," owned land her father left her, which "she exchanged for the homestead." And the same is true of the testimony of Mrs. Brown. She testifies to a conversation with appellee in which he made substantially a like admission, but claimed he owned the land,—that it was deeded to him, and he owned it. The witness does not pretend to give the exact phraseology, and we are required to depend, not only upon the memory of the witness, but her capacity to draw the correct conclusion, and reproduce, in her own language, the thought expressed. Such evidence is generally very unsatisfactory, especially where, as here, the conversation is casual, about a matter in which the witness has no special interest, and where the attention of the person whose conversation is attempted to be detailed has not been called to the necessity of expressing himself accurately or fully. The court was asked, upon parol evidence of this character, to divest the legal title of William Roades in the land. It is unquestioned that for forty-three years before the filing of this bill he had been in the actual possession of the land, claiming title under his deed; that he erected houses, barns and other buildings thereon; fenced, planted orchards, and otherwise improved it, and paid all taxes for all these years. After this long assertion of right on the one side and acquiescence on the other, the court should not disturb the legal title except upon the clearest and most satisfactory evidence. From a most careful research of this record we are unable to find the clear and satisfactory proof required, to authorize the court to declare a resulting trust in complainants.

It may be, as it is contended, that as between Nathan C. Swan and Elizabeth Roades the lands respectively held by each formed the consideration for the transfers, but it by no means follows that as between William Roades and Elizabeth the consideration expressed, and acknowledged in the deed to have been paid, was not in fact paid by him, or, what is perhaps more probable, that the conveyance by Nathan C. Swan to William Roades was made at the instance and with the consent of the wife, she intending thereby to give the land to her husband. This would be entirely consistent with the subsequent conduct of both. If the deed was so made and intended with full knowledge of her rights, and without fraud or undue influence exerted by the husband, it requires the citation of no authority to determine that no trust would result in her favor. While an advancement can not be presumed, as it might be if the wife had been the beneficiary, yet the wife might invest the husband with title through a third person, and thereby execute a valid gift. We need not, however, pursue this inquiry, for the reason, as already seen, that the complainants have failed to make out a case entitling them to relief.

The decree of the circuit court was correct, and will be affirmed.

*Decree affirmed.*