## Ferdinand Siegel and Isaac Hirsch v. A. H. Andrews & Co.

1. QUESTIONS OF FACT—*Finding of the Master, When Conclusive, etc.*—Where a question of fact has been passed upon by the master in chancery, who sees the witnesses and hears them testify, and his finding has been approved by the chancellor, it will, as a general rule, be conclusive as to the questions passed upon.

2. APPEALS—*Purely Statutory—Who May Not Complain.*—Appeals are purely statutory, and no one can, on appeal, complain of a decree from which he has not appealed.

3. CREDITOR'S BILLS—*By One Stockholder to the Exclusion of Others.*—One stockholder of a corporation may pursue his remedy by creditor's bill without joining the other stockholders.

Appeal, from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed October 27, 1898.

### STATEMENT OF CASE.

The Colby Testing Machine Co., a corporation, the owner of a patent apparatus for testing lungs, registering weight of persons, etc., sold a license to use and sell its patent in the State of Missouri to appellants, and several other gentlemen, by a contract dated December 27, 1888, for $15,000, $5,000 of which was to be paid in cash, $5,000 in six months and $5,000 in twelve months. Annexed to and part of the same agreement is a further agreement, dated January 14, 1889,

by the same gentlemen above named, and thirty others, to pay toward the purchase of said license different amounts, ranging from $125 to $1,000, in the aggregate $15,000, the first payment to be made before January 27, 1889. January 12, 1889, there was filed with the Secretary of State of Illinois an application for forming a corporation to be known as the Missouri Colby Testing Machine Co., with a capital stock of $100,000, in 1,000 shares of $100 each.. On February 15, 1889, the Secretary of State issued his certificate of complete organization. All the persons who were purchasers of the license were subscribers for the stock of the new corporation at its par value, in the same proportion that they respectively agreed to pay for said license. None of the stockholders ever made any payment on their stock except by the transfer of the license to the corporation, though all the stock was issued to them as full paid stock. The corporation was organized for the purpose of vending the Colby Testing Machine, buying the right to sell said machines in the State of Missouri, and to grant to other parties the privilege to use said machines in that State. December 9, 1890, it appears that one Stanton, a stockholder, had filed a bill against the Missouri Colby Testing Machine Co., the sole defendant, in which the court, by its decree, dissolved the corporation, declared its charter forfeited, and that the receiver be ordered to wind up its affairs. When the bill was filed, how the court obtained jurisdiction, or what other proceedings had been taken in the case on the original bill, does not appear from the abstract.

June 15, 1891, Carl Dernberg, having, by leave of court, been allowed to become a co-complainant with Stanton, filed an amended and supplemental bill, in which is set forth the original bill, and among other things, alleged that the cause is still pending; that Andrews & Co. had recovered a judgment against the Missouri corporation; that the judgment was fraudulent; that Andrews & Co. had commenced garnishment proceedings against him, Dernberg, Stanton, Hirsch and Joseph Fish, claiming that they

were stockholders and indebted to the corporation on their stock, and prayed an injunction against Andrews & Co. from prosecuting the garnishment proceedings and from beginning any other suits against them or the corporation.

Andrews & Co. answered this amended and supplemental bill, and thereafter, July 7, 1891, the court issued an injunction as prayed.

June 23, 1892, but after the filing of the cross-bill of Andrews & Co., hereinafter mentioned, the amended and supplemental bill of Dernberg was, on motion of solicitor for complainant, dismissed, without prejudice to the cross-bill of Andrews & Co., which it was ordered should continue pending and be retained by the court for final hearing.

December 7, 1891, an order was entered giving to Andrews & Co., appellee herein, leave to file a cross-bill. This cross-bill does not appear in the appellant's abstract, though it does appear that February 18, 1893, Andrews & Co., a corporation, filed an amended cross-bill, which is in form an ordinary creditor's bill, upon a judgment making the Missouri Colby Testing Machine Co. and its stockholders defendants, alleging that the stock was paid for only by the license above mentioned, and was issued as full paid and non-assessable; that the license was not worth more than $1,000, and that at least ninety-nine per cent of the face value of the stock remained unpaid. This amended bill also alleges that divers of the stockholders are non-residents; that others are insolvent, and prays, among other things, that each of the stockholders who is a resident of Illinois and is not insolvent may be decreed to pay cross-complainant's judgment to the extent of the unpaid portion of his stock in the corporation, and for general relief. By the abstract of appellee of the supplemental record, the original cross-bill of Andrews & Co. appears to have been filed December 7, 1891, and was an ordinary creditor's bill, based on a judgment, and sets forth the filing of the original bill and of the amended and supplemental bill and injunction against Andrews & Co.

Appellant Hirsch, December 3, 1892, answered the cross-bill of Andrews & Co., admitted he was a stockholder, and

alleged that his stock was fully paid 'for; but on April 15, 1893, he entered a special appearance and suggested to the court that it had no jurisdiction, because a final decree had been entered in the cause December 9, 1890.

Appellant Siegel, April 6, 1892, demurred generally to cross-bill of Andrews & Co., and April 17, 1893, entered his motion to strike the amended cross-bill from the files and to dismiss the case as to him, but for what reason does not appear. Subsequently Hirsch answered the cross-bill and amended cross-bill, and therein claimed also that the court had no jurisdiction because of the decree of December 9, 1890, and also answered to the merits fully. Siegel also answered the merits of the cross-bill and amended cross-bill of Andrews & Co. fully.

Replications were filed to the respective answers of Hirsch and Siegel by Andrews & Co. Answers of divers other defendants to the cross-bill were filed, as to whom the cross-bill was set down for hearing upon bill and answers of these defendants, and after a hearing thereon the cross-bill was, January 5, 1893, dismissed as to the cross-defendants for want of equity. No appeal was taken from this decree. As to the remaining defendants to the cross-bill, aside from appellants and the corporation, the abstract fails to show that the court had jurisdiction of them or either of them. November 11, 1893, the cause was referred to the master to take proof and report the same with his conclusions. The master reported, which report, after numerous objections and exceptions thereto by appellants had been overruled, was confirmed by the court, and a decree entered November 13, 1897, finding the facts with regard to the corporation, its original subscription for and payments for stock, and stockholders, substantially as before stated; that a certain director's meeting of February 27, 1889, was only a pretended meeting; that there was due to Andrews & Co., on its judgment, from the corporation, the sum of $4,037.23 and costs; that there was still unpaid on the stock of Siegel $5,666.66, and on the stock of Hirsch $1,416.66, and upon the stock of each of six other stockholders the same amount

as was found due from Hirsch, aggregating in all $15,-583.28, and decreed that Siegel pay the amount due Andrews & Co., and that each of the other seven stockholders also pay to Andrews & Co., on its judgment, the respective amounts found due from each, and further decreed that whenever Andrews & Co. shall have received the amount of its judgment, interests and costs, whether the amount be recovered from one or more of the defendants, the decree shall then be satisfied in full as to each and all of the defendants. From this decree appellants have appealed.

AUGUSTUS BINSWANGER, attorney for Ferdinand Siegel, appellant.

ROSENTHAL, KURZ & HIRSCHL, attorneys for Isaac Hirsch, appellant.

CHARLES C. ARNOLD, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellants have each separately assigned fifty-four errors, or one hundred and eight in all, all of which are urged upon the consideration of the court. We are of opinion that their substance may be fully stated, viz.:

First, that the chancellor was in error in holding that the stockholders did not fully pay for their stock, but only paid fifteen per cent of its par value; second, that it was error to dismiss the cross-bill as to defendants, who answered and had a hearing on the cross-bill and their respective answers; third, that it was error to hold that the directors' meeting of February 27, 1889, was only a pretended meeting; fourth, that there was no evidence to sustain the finding of the court that certain defendants were non-residents, thus placing an undue burden upon appellants; fifth, that there was no evidence that defendants Adler and Boer were insolvent, as found by the master and court; and sixth, that it was error to proceed without bringing the principal party, the corporation and judgment debtor, into court, and long after final decree on the original bill.

The first contention raises a question of fact, which has been passed upon adversely to appellants by the master, who saw the witnesses and heard them testify. This finding has been approved by the chancellor, and after a careful reading and consideration of the evidence we can not say that its weight is manifestly and clearly against the finding, and that being so, we should not and will not disturb it. Miltimore v. Ferry, 171 Ill. 219.

The second contention is not tenable, because appellants have not appealed from the decree dismissing the cross-bill as to defendants who had a hearing on bill and answers. That decree was entered January 5, 1893, and the decree appealed from was entered November 13, 1897. Appeals are purely statutory, and no one can, on appeal, complain of a decree from which he has not appealed.

Moreover, this being a creditor's bill, one defendant stockholder alone might have been pursued to the exclusion of all other stockholders. Palmer v. Woods, 149 Ill. 155.

We are unable to perceive how the holding of the court that the directors' meeting of February 27, 1889, was a pretended meeting, in any way prejudiced appellants. The controlling question of fact in contest was as to the value of the license transferred by the stockholders in full payment for their stock, and, whether this meeting was a pretended one or not, we do not think was of any importance.

The fourth contention can not be urged here, because, as to the defendants whom the court found to be non-residents, the abstract fails to show that the court had any jurisdiction. Gibler v. City of Mattoon, 167 Ill. 18. If the court had no jurisdiction of these defendants, the error was harmless. Moreover, their liability was several and in no way depended on the claim against appellants. Palmer case, supra.

The same reason applies to the fifth contention. Also it is not tenable, because as to the defendants Adler and Boer, the bill was dismissed on motion of cross-complainant at the time the final decree was rendered.

The sixth contention, in so far as it is based on the claim

that the principal debtor was not in court, can not be sustained, because it appears affirmatively that it was served with process November 11, 1890.

As to the court's proceeding long after final decree on the original bill, the appellants can not now be heard to object for two reasons, viz.: 1st. Because, after the entry of what they claim was the final decree, December 7, 1890, an amended and supplemental bill in the cause was filed June 15, 1891, which was pending and undetermined when the cross-bill of Andrews & Co. was filed, and when this amended and supplemental bill was dismissed the cross-bill was expressly retained for a final hearing. 2d. That the court had jurisdiction of the subject-matter can not be questioned, and these appellants, before making any objection to the jurisdiction of the court whatever, appeared, Siegel demurring generally and Hirsch answering the cross-bill. They thus waived jurisdiction of their persons. Had they wished to raise the question of jurisdiction, they should have pleaded, and having failed to do so, can not now be heard to object to the right of the court to proceed. Parker v. Parker, 61 Ill. 369.

The above considerations make it unnecessary to pass upon appellee's motion to strike out certain parts of the record. The decree is affirmed.