86     117
s101   381

## Anna Lang v. William Metzger.

1. TRUSTEE—*Unlawful Release of Trust Deed—Notice.*—A trustee can not lawfully release a trust deed for the benefit of his wife, unless the debt represented by it has been paid; and the fact of the uncanceled note, not yet matured, being in the possession of the payee, is sufficient to put mortgage creditors upon inquiry as to whether the note has been in fact paid.

2. SAME—*Power to Dispose of Trust Property—Notice.*—A trustee has no power to sell and dispose of trust property for his own use or at his own mere will. One who obtains it from him or through him, with actual or constructive notice of the trust, acquires no title, and it may be recovered, by suitable proceedings, for the benefit of the *cestui que trust.*

3. NOTICE—*What is Sufficient to Put a Purchaser upon Inquiry.*— The fact that an executor applies estate assets in payment of his own debt is of itself a circumstance of suspicion, which ought to put a purchaser upon inquiry as to the propriety of the transaction.

4. SAME—*Provisions of Promissory Notes.*—Where a promissory note can not be read understandingly without seeing upon its face that it is connected with a trust, and is part of a trust fund, it is the duty of a party, before purchasing it, to make inquiry into the right of the trustee to dispose of it, and, failing to do so, he must suffer the consequences.

Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed December 14, 1899.

Statement.—This is a suit to foreclose a mortgage debt of $3,000 and interest, brought by appellee as mortgage creditor. Appellant filed her cross-bill, setting up that there was another mortgage lien upon the property in question, which was senior and prior to the mortgage debt

sought to be foreclosed; that the other mortgage had been fraudulently released of record; that she is a *cestui que trust* as to such senior mortgage, and praying for relief in that the fraudulent release be canceled and annulled, and that the trust deed by which the senior mortgage debt was evidenced and secured be re-established as a first lien upon the property prior to the lien sought to be enforced by appellee.

The facts in relation to the bill and cross-bill are as follows : One Joseph Raback died testate, and by his will appointed Louis Pregler executor and trustee, with power to invest the funds of the estate and pay interest derived therefrom to the widow of testator during her lifetime. When Pregler was discharged as executor by the Probate Court he was directed by order of that court to hold the funds of the estate as trustee under the will. Accordingly Pregler, as such trustee, loaned fund of the estate, viz., $4,500, to one Emily Lucand, and took her note for the amount, payable to himself as trustee, and a trust deed, securing same upon the property here under foreclosure. Afterward the trustee, Pregler, obtained, through various mesne conveyances, a transfer of the title from Emily Lucand to Mary Pregler, his wife. Mary Pregler borrowed from appellee the $3,000, which is the mortgage debt here sought to be foreclosed; and Louis Pregler joined her in executing a trust deed upon the property to secure the payment of the $3,000. Appellee learned through his attorneys that the $4,500 mortgage to Louis Pregler, as trustee, was a prior lien, but before the money was advanced by appellee to Mary Pregler he obtained a release of such prior trust deed, the release being executed by Louis Pregler as trustee. At the time of making the release Pregler produced the mortgage note, payable to himself, as trustee, uncanceled and in his possession, and canceled it. The widow of Raback has since deceased. The fund of $4,500 is, under the terms of the will, in part devised to appellant. As devisee of Raback and *cestui que trust* under the trust created in Pregler, she asserts by her cross-bill that the trust deed securing the $4,500 was never satisfied by payment of

the amount to the trustee, was fraudulently released of record, and should in equity be re-established of record and declared a first lien as against appellee, who had notice and knowledge of the facts. It does not appear from any evidence that appellee had any further notice or knowledge than such as would result from knowledge that the trust deed of Lucand to Pregler, trustee, was given to secure a note to Pregler, trustee, and that when the release was executed the note had not yet matured and was in the possession of the trustee, the payee, uncanceled.

It appears from the evidence that Pregler, the trustee, has deceased since the transactions in question. It also appears that Mary Pregler and Louis Pregler conveyed the premises in question to one Tanier, and that Tanier executed a trust deed thereon to Louis Pregler, trustee, to secure two notes of $2,250 each, which trust deed was junior to the trust deed securing the loan of appellee.

The cause was referred to a master in chancery upon original bill of complaint and cross-bill of appellant, and answers to each, and replications. The master reported *inter alia:* That the loan by Emily Lucand to Louis Pregler, secured by trust deed as aforesaid, was out of the moneys in the hands of Louis Pregler, trustee under said will. That nothing has ever been paid to cross-complainant on account of the principal note of Emily Lucand, or on account of interest since August, 1895, and that the evidence does not disclose whether or not anything was paid to Louis Pregler on account of the principal note. That the *cestui que trust* had no knowledge of the release being executed, and was not consulted with reference thereto. That appellee, William Metzger, accepted the loan referred to in the original bill when the same was presented to him for consideration by loan brokers, who closed the loan, attended to examination of title, drawing up papers, and paid out the full amount of the loan, less usual expenses and commissions, to the order of Louis Pregler, he being authorized in writing by his wife to receive said moneys. Some of said money was used to pay off an incumbrance

on said premises, prior to both of the mortgages here involved. That Metzger knew nothing of the parties connected with the Lucand securities; had no knowledge of the will under which Pregler was acting as trustee, or of any of the proceedings in the Probate Court in connection with the trusteeship. That the evidence does not show that Metzger, or any one acting on his behalf, had any knowledge that the Lucand note had not been paid. That the only notice which Metzger can be chargeable with is record notice of the trust deed, and what that notice might lead to, which trust deed showed the Lucand note was payable to Louis Pregler, trustee, and was not due when Pregler released the trust deed. That Pregler had, under said will and order of the Probate Court, broad and general authority to invest the funds at the highest rate, and, in the opinion of the master, had authority to collect the money and re-invest it if he saw an opportunity to re-invest it to a better advantage. That the evidence does not show that the money was not repaid or re-invested. That trustee failed to account to his *cestui que trust*, but that if one dealing with reference to said trust deed was obliged to ascertain Pregler's authority, the investigation would show that Pregler had authority to collect and manage said funds without consulting any one, and that his statement that the note had been paid was all that was necessary to protect one acting on his release.

The master makes no finding as to whether Pregler, the trustee, upon his decease left any estate.

The master recommended that the cross-bill of appellant be dismissed for want of equity, and that the relief prayed by the original bill of complaint be granted. A decree was entered in conformity with this recommendation. From that decree this appeal is prosecuted.

WICKERSHAM & HAYNER, attorneys for appellant.

A trustee, though nominally possessed of the legal title, has no right to release the trust deed without payment of the debt, or authority from the beneficiary; and if he

wrongfully executes a release without such payment or authority it is void in equity, and the deed remains in full force. 26 Am. & Eng. E. of L., 985; Grove v. Robards, 36 Mo. 523; Lakeman v. Robards, 9 Mo. App. 179; DeLaureal v. Kemper, 9 Mo. App. 77; Armstrong v. Robards, 81 Mo. 445; Carpenter v. Bowen, 42 Miss. 28; Weldon v. Tollman, 67 Fed. 986; Insurance Co. v. Eldredge, 102 U. S. 545.

Whatever is sufficient to put a party on inquiry, (that is, whatever has a reasonable certainty as to time, place, circumstances, and persons,) is, in equity, held to be good notice to bind him. 1 Story's Eq. Juris., Sec. 400.

Scanlan & Masters, attorneys for appellee, contended that knowledge of intention by trustee to convert trust funds is necessary in order to bind party dealing with trustee who acts within the scope of his power. Penn. Ins. Co. v. Austin, 42 Pa. St. 257; Bank v. Hyde Park, 101 Ill. 595.

Where a trustee has power to sell and apply the proceeds to a certain use, or to invest and re-invest the funds, the party dealing with him is not bound to see to the application of the funds by the trustee. Bank v. Hyde Park, 101 Ill. 605; Cherry v. Green et al., 115 Ill. 591.

The fund must be identified to be pursued by the *cestui que trust*. School Trustees v. Kirwin, 25 Ill. 73; Nat. Bank v. Goetz, 138 Ill. 127; Wetherell v. O'Brien, 140 Ill. 146; Mutual Acc. Ins. Co. v. Jacobs, 141 Ill. 261.

A mere confidence is not a trust. Steel v. Clark, 77 Ill. 471.

A direction to pay debts, or apply the income to the support of some one, or to pay legacies, relieves a party dealing with a trustee from seeing to the application of the trust money. Cherry v. Green et al., 115 Ill. 591; Perry on Trusts, Sec. 795; Hill on Trustees, page 342.

Mr. Presiding Justice Sears delivered the opinion of the court.

But one question is presented upon this appeal, viz.: was

the release by Louis Pregler, trustee, of the Emily Lucand trust deed, operative to discharge the lien of such trust deed, and thereby make the trust deed given by Mary Pregler and Louis Pregler to secure appellee's loan, a first lien upon the property? Louis Pregler was, under the terms of the will of Raback, given general power to invest the trust fund from time to time as he might deem best. Hence, if the Lucand note, representing the trust fund, had in fact been paid to Pregler, the trustee, at the time of the release, whether with or without knowledge or consent of the *cestui que trust*, the payment would have been sufficient and no obligation would have rested upon appellee to see to the application of the money thus paid. And this would, we think, be equally true, whether Mrs. Lucand had before the release paid the mortgage debt, or appellee had paid it to the trustee by giving to the trustee moneys advanced by him on the loan. But the difficulty with the case presented is, that there is no evidence that Mrs. Lucand, or any one on her behalf, ever paid the debt. The master finds that " the evidence does not disclose whether or not anything was paid to Louis Pregler on account of the principal note." It is clear from the evidence that the *cestui que trust* has never received any part of it; but it is not disclosed whether it was paid to the trustee or not. It does not appear from the master's report whether any estate equal to the fund of $4,500 was left by Louis Pregler. Neither can it be determined from the evidence that the moneys advanced by appellee as a loan to Mary Pregler, wife of the trustee and then the owner of the legal title to the land in question, were paid to Louis Pregler as trustee. On the contrary, it does appear that those moneys were paid to Mary Pregler, and that Louis only received a part of them, and that part only under a written authority as agent for his wife, Mary Pregler, and not at all as trustee under the will of Raback. The question is therefore reduced to the following: If the Lucand note was never paid to the trustee, did the unwarranted and hence fraudulent release by Louis Pregler operate to make appellee's loan a first lien

over the trust deed thus wrongfully released? The note secured by the trust deed had not, by its terms, matured when the release was executed. It was not canceled. It was not in the hands of the maker, who would naturally possess it if it had been paid. It was payable to a trustee. These facts, we think, were enough to put appellee upon notice of the conditions which actually obtained and which he could have learned by inquiry of Mrs. Lucand.

We do not think the position of counsel for appellee can be sustained, that because the trustee, under the provisions of his trust, had power to manage and invest the fund as he deemed best, therefore it is immaterial whether the money had been paid to him or not when he released. If the money had in fact been paid to the trustee, then because of his power to control it, it might be immaterial here whether he had applied it properly or not. But the power of control and management carried with it no power to abandon all right to it in violation of the trust.

Nor do we regard the fact that Pregler, the trustee, then said that the note was paid, and then canceled the note, as relieving appellee from the effect of such notice. Appellee must have known that the trustee could not lawfully release the trust deed for the benefit of his wife unless the debt represented by the trust deed had been paid. The fact of the uncanceled note not yet matured and in the possession, not of the maker, but of the payee, was sufficient to put appellee to an inquiry as to whether the note was in fact paid. Keohane v. Smith, 97 Ill. 156; Jummel v. Mann, 80 Ill. App. 288, and cases therein cited.

The above authorities bear upon the sufficiency of notice to appellee of the conditions which existed in relation to the release of a mortgaged debt not matured. That appellee had notice that the note in question was part of a trust fund, is settled by the form of the note, which was payable to Pregler, trustee. Appellee knew that Pregler, the trustee, was releasing the Lucand mortgage for the benefit of Mary Pregler, his wife. It seems to be well established that the very fact that an executor applies estate assets in

payment of his own debt, is of itself a circumstance of suspicion, which ought to put a purchaser upon inquiry as to the propriety of the transaction. Hill v. Simpson, 7 Ves. Jr., 152; Petrie v. Clark, 11 Serj. & R. 377; Walker v. Taylor, 4 Law Times (N. S.), 845; Field v. Schiefflin, 7 John. Ch. 150; Shaw v. Spencer, 100 Mass. 382.

In Field v. Schiefflin, *supra*, Chancellor Kent said :

" The great difficulty has been to determine how far the purchaser dealt at his peril, when he knew, from the very face of the proceeding, that the executor was applying the assets to his own personal purpose, as the payment of his own debt. The later and better doctrine is, that in such a case, he does buy at his peril," etc.

Here appellee knew that Pregler, as trustee, was releasing a mortgage, part of the trust fund, and not matured, for the sole benefit of Mary Pregler, his wife. We are of opinion that appellee was put to inquiry as to whether the debt secured by such mortgage was paid, and that he could not rely alone in that respect upon the act or statement of the trustee, who, as he knew, was aiding the procurement of an advance for the benefit of Mary Pregler, and not for the benefit of the trust estate.

If the notice to appellee is sufficient, and if the release was executed by Pregler for the benefit of his wife and in violation of his trust, then the rights of appellant, disclosed by her cross-bill, would be apparent.

" No doctrine is better settled than that a trustee has no power to sell and dispose of trust property for his own use and at his own mere will. One who obtains it from him or through him with actual or constructive notice of the trust can acquire no title, and it may be recovered by suitable proceedings for the benefit of the *cestui que trust.*" Third Nat'l Bank v. Lange, 51 Md. 138.

In that case there was involved the disposition of a promissory note by a trustee in violation of his trust. It was contended that the purchaser was innocent of knowledge and without notice. The court said further :

" In the case of the present note, it can not be read understandingly without seeing upon its face that it is connected

with a trust and is part of a trust fund.   It was the duty of the bank before purchasing it to have made inquiry into the right of the trustee to dispose of it.   But this it wholly failed to do, and, as it turns out he was disposing of the note in fraud of his trust, the bank must suffer the consequences of the risk it assumed."

Upon another trial of this cause it may be more satisfactorily determined whether Mrs. Lucand had ever paid any portion of the debt evidenced by her note to the trustee, and there may also be a finding of fact as to estate left by the trustee, Pregler, at his decease.   Upon the evidence as now presented, the decree can not be sustained.

The decree is reversed and the cause is remanded.