## Anna Lang v. William Metzger.

1. APPELLATE COURT PRACTICE—*The Court is Not Precluded by Assuming the Existence of a Fact on a Former Appeal.*—The fact that this court in determining a former appeal merely assumed the existence of a certain fund, in no way precludes it from determining on a subsequent appeal, in which the record contains additional evidence, the existence of such fund, and whether, if it did so exist, it passed into a certain note and mortgage, such cause having been reversed and remanded generally, without any limit as to what evidence should subsequently be presented or what questions should be considered.

2. TRUST FUNDS—*Where One of Two Innocent Parties Must Suffer by the Misapplication of Trust Funds.*—Where a mortgage creditor and a *cestui que trust* are equally innocent parties, and one of them must suffer by the misapplication of trust funds by the trustee, without any fault on the part of such creditor, the loss must fall upon the *cestui que trust.*

3. SAME—*Remedy of the Cestui Que Trust for Misappropriation.*—Where a trustee has money in his hands, misappropriates it, and afterward purchases land with it in his own name, if the money and its proceeds can not be traced, the *cestui que trust* can not have a lien upon such lands; he can only proceed against the trustee as against an ordinary creditor.

4. CHANCERY PRACTICE—*Allegations Without Proof.*—Allegations without proof can not be made the basis of a defense, much less of affirmative relief.

Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed March 31, 1902.

WICKERSHAM & HAYNER, attorneys for appellant.

EDGAR L. MASTERS, attorney for appellee; KICKHAM SCANLAN, of counsel.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

This is a second appeal in this case by appellant. On the

Lang v. Metzger.

first appeal the decree of the Circuit Court was reversed and the cause remanded generally, for another trial, which was had upon the same evidence contained in that record and additional evidence taken on a re-reference to the master. The master reported his conclusions, exceptions to which were overruled by the chancellor, and a decree rendered for the foreclosure of the trust deed described in the original bill, for the sum of $4,035.59, with interest and costs, and dismissing for want of equity the appellant's cross-bill. To review this second decree this appeal was taken. For the pleadings and the facts as they appeared on the first appeal, and our conclusions then stated by Mr. Justice Sears, reference is made to the report of that case, 86 Ill. App. 117.

On the former appeal it was said:

"But one question is presented upon this appeal, viz., was the release by Louis Pregler, trustee, of the Emily Lucand trust deed, operative to discharge the lien of such trust deed, and thereby make the trust deed given by Mary Pregler and Louis Pregler to secure appellee's loan, a first lien upon the property?"

After holding that there was no evidence that Mrs. Lucand, or any one in her behalf, ever paid anything on her note secured by her trust deed to Pregler, that it could not be determined from the evidence that the moneys advanced by Metzger as a loan to Mary Pregler were paid to Louis Pregler, as trustee, and that it did not appear that anything was paid to Louis Pregler on account of the note of Mrs. Lucand, we further said:

"Upon another trial of this cause it may be more satisfactorily determined whether Mrs. Lucand had ever paid any portion of the debt evidenced by her note to the trustee, and there may also be a finding of fact as to estate left by the trustee, Pregler, at his decease. Upon the evidence as now presented, the decree can not be sustained."

We thus, in effect, assumed, but did not decide, that there was a trust fund belonging to appellant of which Louis Pregler was trustee; that it was evidenced by the note of Mrs. Lucand and secured by her trust deed to Pregler.

It is argued for appellant that with the two facts estab-
lished, viz., first, whether Mrs. Lucand ever paid her note,
and, second, whether Louis Pregler left a solvent estate,
our former decision and its findings and conclusions are
*res adjudicata* as to Metzger in the present case. Or, as
counsel further say, in substance, this court having found
that the Lucand note and trust deed constituted a trust fund,
and that Pregler had used this trust fund for his own ben-
efit, the appellee here can not question these findings.

We did not find on the former record, as counsel say, but
merely assumed, for the purposes of that decision only, that
a trust fund existed, of which Pregler was the trustee and
appellant a beneficiary, nor did we find that he used that
fund for his own benefit, but that the evidence failed to
disclose whether he had received it and failed to show
whether Mrs. Lucand, or any one on her behalf, ever paid her
note. The fact that in determining the former appeal we
made this assumption, in no way precludes us from deter-
mining, on this record, which contains much additional evi-
dence, the existence of such fund, and whether if it did
exist, it passed into the Lucand note and trust deed. The
cause was reversed and remanded generally, and without
any limit as to what evidence should be presented and what
questions should be considered. Chickering v. Failes, 38
Ill. 342; Perry v. Burton, 126 Ill. 599; West v. Douglas,
145 Ill. 164.

On the second hearing the master found the making of
the different trust deeds, the different conveyances of the
property, the death of Joseph Rayback, his will, the ad-
ministration and settlement of his estate, and that Louis
Pregler as executor thereof had in his hands $4,500 which
he was ordered by the Probate Court to retain as trustee,
the release by Pregler of the Lucand trust deed, and the
circumstances under which it was made, the interest of
Magdalena Rayback, widow of said Joseph, under his will,
the said Magdalena's death and appellant's rights under said
will, the relationship of the different parties, and the man-
ner and circumstances under which Metzger made the loan

and paid his money on the trust deed sought to be fore-closed, all substantially as was found in his report on the first hearing.   The master also found, which was not found by his first report, that Anna Lang, one of · the daughters of said Joseph Rayback, testified that Pregler, on the day of the funeral of her mother, told her the said fund was represented by a note secured by trust deed on the premises in question in this suit; that letters written by Pregler to the mother of Anna Lang were offered in evidence, in which he enclosed checks, stating that they were for interest on said fund; that Anna Lang testified as to the contents of a letter from Pregler, in which he referred to said premises as the security for said fund, and that said Pregler remitted to her mother from time to time sums as interest on said fund; that such evidence is not, in the master's opinion, competent to prove the existence or whereabouts of said fund; that Metzger knew nothing of the parties con-nected with the Lucand securities; had no knowledge of Magdalena Rayback, or the will under which Pregler was acting as trustee, or of any of the proceedings in the Pro-bate Court, in connection with the trusteeship; that the evi-dence does not show that Metzger,   r any one acting on his behalf, had any knowledge that the Lucand note had not been paid;   that the lots described in the said trust deed from Emily Lucand to Louis Pregler, as trustee, really belonged to said Pregler, the title being conveyed to said Emily Lucand for the purpose of having her act as a figure-head in the execution of said notes and trust deed; that the title was caused to be placed in her name by said Louis Pregler, and at his request she executed the papers, receiv-ing no money from him, at any time, on account of said transaction; that the evidence does not show that any of said trust fund of $4,500 went into the note of said Emily Lucand or into the lots described in said trust deed; that Pregler continued to be the actual owner of said lots, when the legal title stood in the name of said Emily Lucand; that said property was later transferred to said Mary Pregler, and that neither of said persons paid any money on account

of said lots or said notes; that by the records of the Probate Court said Pregler left only an interest in real estate valued at $300 in the inventory, and about $350 worth of personal chattels, and the estate was insolvent; that it is contended on behalf of the said cross-complainant that the said complainant was put on notice by the fact that said $4,500 note was payable to Louis Pregler, trustee, and that it was not due by its terms at the time when said release was executed by said Louis Pregler; that said note was trust property, and that said complainant was bound to see that said $4,500 and interest thereon was actually paid to said Pregler before said release could be effective. The master, however, finds that the only notice with which complainant, Metzger, could be chargeable, was that said note was payable to said Pregler as trustee, and was not yet due, and he was bound, therefore, to ascertain what were the powers of said trustee with reference to the trust property; that Pregler, under said will, had broad and general authority to invest said funds at the highest rate, and had authority to collect the money and reinvest it, without consulting his *cestui que trust;* that said Pregler failed to account to his *cestui que trust*, but the master concludes that even if one dealing with reference to said trust deed and note was obliged to ascertain the extent of his powers, an investigation would have shown that he had full authority to collect and manage said fund without consulting any one, and his statement that the note had been paid was all that was necessary to protect one acting on his release; that Louis Pregler, the trustee in the deed, was practically the note holder and had a right to release the trust deed, he being responsible to the *cestui que trust* if the money was not eventually accounted for; that it is contended that complainant should have inquired of the maker of the note whether it had been paid; that such inquiry would have shown that said maker really owed nothing, and that said Pregler had procured her to execute the note and trust deed, and that said trust deed was not really a lien on said real estate; that with such knowledge complainant would

have been justified in supposing that Pregler could release the trust deed, without the payment of any money; that Pregler had already misapplied the trust fund when the Lucand note and trust deed were executed; that it is claimed that he restored the fund by causing said note and trust deed to be executed, but the master finds that in fact he controlled the notes and trust deed, and the maker of them, and could cause them to be canceled and the trust deed released at any time; that complainant did not place *cestui que trust* in any worse position than she was in before; that the trustee was the only person guilty of any wrong; that both the complainant and the *cestui que trust* are equally innocent parties; that the trustee, having misapplied the trust fund, without any fault on the part of the complainant, the *cestui que trust* must suffer the loss.

A careful and critical examination of the evidence convinces us that all the master's findings of fact are supported by it, at least that no one of them can be said to be clearly and manifestly against the evidence. These findings having received the sanction of the learned chancellor, we are of opinion that, and such is the settled law, they should not be disturbed. Seigel v. Andrews, 78 Ill. App. 611, affirmed in 181 Ill. 350.

We also think that the master's conclusions from such facts, except as to the competency of the evidence of Anna Lang as to conversations with Louis Pregler and of certain letters of Pregler to Magdalena Rayback, are correct, and sustained by the authorities.

If it be assumed that the Lucand note and trust deed were a trust fund of which appellant was the beneficiary and Pregler the trustee, and that by reason of the fact that the note was payable to Pregler as trustee, and was not due, Metzger was put upon inquiry as to whether the note had in fact been paid to Pregler, the inquiry of Mrs. Lucand would have resulted only in his being informed the note and trust deed were absolutely without consideration, made only at the request of Pregler and for his accommodation, and of no binding effect

upon her. Metzger knew nothing of appellant's rights, and when he found that the maker of the note and trust deed was in no way bound by them, and that if it was a trust fund Pregler had the absolute control and disposition of it, he had a perfect right to rely upon Pregler's release. The decision of this case need not, however, rest upon this assumption. Both the answer and cross-bill of appellant allege in substance that Louis Pregler loaned the fund which came to his hands as executor of the will of Joseph Rayback, to Emily Lucand, took her note therefor, and a trust deed upon the real estate in question to secure the note. This note and trust deed constitute the basis of appellant's claim for a first lien in this case.

As we have seen, the master finds, and these findings are sustained when the evidence which the master ruled as incompetent is considered, as we think it should be, " that the evidence does not show that any of said trust fund of $4,500 went into the note of said Emily Lucand or into the lots described in said trust deed; " that the title of said lots was placed in her name by Pregler, and at his request she executed the note and trust deed, receiving no money from him at any time on account of the transaction; and that " Pregler had already misapplied the trust fund when the Lucand note and trust deed were executed." Thus the appellant has failed to establish an essential part of her defense to the bill and the allegations of her cross-bill, without which she is entitled to no relief. Allegations without proof can not be the basis of a defense, much less of affirmative relief. Morgan v. Smith, 11 Ill. 194; Reed v. Reed, 135 Ill. 485; Russell v. Connors, 140 Ill. 660; Dorn v. Geuder, 171 Ill. 362.

For appellant to succeed in this case upon the theory that Pregler substituted this property for the trust fund, the pleadings would have to be amended. Before appellant can charge this real estate with a trust in her behalf, as her pleadings stand, she must establish by her proof that the original fund which went into Pregler's hands as the executor of her father's estate, was either invested in

this property, or was loaned to Mrs. Lucand, for which she gave her note and trust deed. The proof must identify the fund, and it must be traced into the property sought to be charged. Perry on Trusts, Secs. 840, 841 and 843; 16 Amer. and E. Ency. of L., (2d Ed.), 1181; Nat. Bk. v. Goetz, 138 Ill. 127–36; Witherell v. O'Brien, 140 Ill. 146–51, and cases cited; M. A. I. Co. v. Jacobs, 141 Ill. 261–8; Holmes v. Gilman, 138 N. Y. 369–76.

In the citations from Perry, *supra*, the author says:

"There may be some difficulty, as a matter of fact, in tracing the trust property into purchases made by trustees. Thus, if a trustee having money in his hands misappropriates the funds, and afterward purchases lands in his own name, it may be difficult to show that the land was purchased with the trust money; and if that money and its proceeds can not be traced into the lands, the *cestui que trust* can not have a lien upon them. * * * If the trust property or its proceeds can not be identified, the *cestui que trust* may proceed against the trustee as against an ordinary creditor."

Appellant claims that by the making of the Lucand note and trust deed and the payment of interest thereon to Magdalena Rayback in her lifetime, and his declarations as testified to by appellant, Pregler intended to and did restore the trust fund and secure it by said note and trust deed, if the fund had ever prior thereto been converted to his own use. We think the contention is not tenable. The findings of the master are against it, and all the evidence considered, including that rejected by the master, which, it seems unnecessary to state, fails to establish with clearness any such intention on the part of Pregler. The evidence to establish that this fund went into this property, or that it was the intention of Pregler to restore the fund by making it a charge or lien thereon, must be clear and satisfactory. Reed v. Reed, 135 Ill. 482–91, and cases cited; Francis v. Roades, 146 Ill. 635–41, and cases cited; Laurence v. Laurence, 164 Ill. 367–77.

The evidence of appellant as to Pregler's declarations, his letters, which were written to Magdalena Rayback, and as to the contents of one letter, which the master held to be

incompetent, we think was proper, in so far as they are admissions by Pregler before appellee's rights accrued, and should be considered.

The relation of Metzger and appellant to Pregler is that of privies in estate, and this fact renders the evidence competent, with the limitations stated. It makes an exception to the rule excluding such evidence as hearsay. 1 Greenleaf on Evid., Sec. 189, and cases cited; 1 Jones on Evid., Secs. 240–242, and cases cited: Gibblehouse v. Strong, 3 Rawle (Pa.), 437; Wheeler v. McCorristen, 24 Ill. 42; Mueller v. Rebhan, 94 Ill. 142–9.

Mr. Greenleaf, in the section cited, says that "admissions of one person are also evidence against another, in respect of privity between them. The term privity denotes mutual or successive relationship to the same right of property." The author proceeds to enumerate, among others, privies in estate, and says:

"The ground upon which admissions bind those in privity with the party making them is, that they are identified in interest."

The same author, however, says (Sec. 180), "that an admission made after other persons have acquired separate rights in the same subject-matter, can not be received to disparage their title, however it may affect that of the declarant himself." To the same effect, in substance, are the sections cited from Mr. Jones. In Sec. 242, *supra*, it is said:

"The declarations of the grantor are not to be treated as admissions, and are not competent if made before his interest in the property in question was acquired, or after he has conveyed it away, since the acts and declarations of the grantor after he has divested himself of his estate can not be admitted to impeach the title of the grantee, unless there is proof of collusion or some other fraudulent scheme between grantor and grantee."

The cases cited sustain the text quoted, especially the Pennsylvania case, which is very fully and carefully considered, three separate opinions being delivered.

Pregler was the real owner of the property in question,

though the title of record was in his wife. He was the real party in interest and joined with his wife in the conveyance under which appellee's rights were acquired. His letters were written to appellant's ancestor before any rights of appellee vested, and were, under the authorities cited, competent. But his declarations testified to by appellant were made after the conveyance under which appellee claims was made, and being in disparagement of the title thereby conveyed, were not competent. Without this latter evidence appellant's case is far weaker, but we are of opinion that with it included, it can not be said that the conclusions of the master and chancellor are clearly against the weight of the evidence.

If we are correct in the view that appellant has failed to trace the trust fund to this property, either directly or by its substitution for the fund which came to his hands as executor, it follows that the chancellor was correct not only in dismissing appellant's cross-bill, but in denying her a second lien. She is a mere creditor. Perry on Trusts, Sec. 840, and cases cited; Durr v. Wilson (Ala.), 22 So. Rep. 536; State v. Bank of Com. (Neb.) 75 N. W. Rep. 28; M. A. I. Co. v. Jacobs, 141 Ill. 261–9, and cases cited.

Since the foregoing considerations dispose of the different contentions of appellant's counsel, it seems unnecessary to consider other matters urged by appellee's counsel, and the decree of the Circuit Court is affirmed.