### Wilhelmina Hagemann, Executrix, etc., v. Michael Hagemann.

1. CHANCERY PRACTICE—*Findings of the Master, When Conclusive.*— The findings of the master, when approved by the chancellor, are conclusive upon questions of fact unless they are manifestly and clearly against the weight of the evidence. See Hagemann v. Hagemann, 90 Ill. App. 251.

**Bill for Relief.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 23, 1902.

**Statement.**—Appellee filed a petition in the Probate Court of Cook County for an order directing appellant to deliver to him notes to the amount of $4,000, payable to deceased, together with the trust deeds securing the same. The claim was that the deceased had assigned and transferred to appellee, notes to that amount, by the following instrument:

"CHICAGO, October 5, 1896.

This is to certify that in consideration of one ($1.00) dollar I have this day assigned and transferred to my brother, Michael Hagemann, notes secured by trust deeds, being for the total sum of four thousand ($4,000) dollars. Said notes are to be found in an envelope or package which is marked: 'Notes owned by Michael Hagemann'—which may be found in my safety box in the Hatterman Safety Deposit Vault Co., Chicago, to which box my said brother has access.

FRITZ HAGEMANN."

The two brothers were present with Mr. Hatterman, who drew this paper, at the time it was written. Then notes to the amount of $4,000 were placed in the envelope. Hatterman indorsed on the envelope, "Notes owned by Michael Hagemann." Under this indorsement the deceased signed his name, "Fritz Hagemann." The paper assigning these notes was left with Mr. Hatterman to be held by him, and he kept it until after the death of Fritz Hagemann. The envelope containing the notes was placed in box No. 448 of the Deposit Co., to which box each of the brothers had access. Prior to May 28, 1897, appellee took the envelope and its contents from said box to his home. Fritz Hagemann died September 1, 1897. Shortly before his death he went to appellee and got the notes, saying there was something in there he wanted to see. Appellee kept the envelope, but the notes were in the possession of Fritz Hagemann at the time of his death.

The prayer of the petition was denied by the Probate Court, and also by the Circuit Court on appeal. The case was then brought to this court by appellee. It was here held that the facts constituted a gift *inter vivos*, and the judgment of the Circuit Court was reversed and the cause was

Hagemann v. Hagemann.

remanded with directions " to ascertain as nearly as practicable, and determine what notes came into the possession of appellant, which were in said envelope, and which deceased obtained from appellant as stated, and to decree that such notes, or the proceeds of such of them as have been paid, if any, to be delivered and paid to appellant." 90 Ill. App. 251.

After the cause was re-instated in the Circuit Court, it was referred to a master, who took proofs and heard the arguments of counsel, and reported that he found from the evidence that certain notes, fully described in such report, " were in the envelope mentioned in the opinion of the Appellate Court in this cause, and came into the possession of Michael Hagemann."

The decree of the Circuit Court approves and confirms the master's report.    From that decree this appeal was perfected.

GOLDZIER, RODGERS & FROEHLICH, attorneys for appellant.

F. M. BURWASH, attorney for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

A reading of the remanding order shows that nothing was left to be determined except a question of fact, namely, the identity of the notes which were contained in said envelope.    The master finds them to have been :

| | |
|---|---|
| The Wartzeck note | $1,250.00. |
| The second Wartzeck note | 550.00. |
| The Gulp note | 1,000.00. |
| The Reimer note | 1,000.00. |
| | $3,800.00. |

This finding has been approved by the chancellor.    We have carefully examined the record in this case and can not say that its weight is manifestly and clearly against the finding, and that being so, we should not and will not disturb it.    Siegel v. Andrews, 78 Ill. App. 611–616; affirmed, 181 Ill. 350–356.

The decree of the Circuit Court will be affirmed.