FERDINAND SIEGEL *et al.*

*v.*

A. H. ANDREWS & CO.

*Opinion filed October 19, 1899.*

1. APPEALS AND ERRORS—*master's approved finding of fact will stand unless clearly incorrect.* A master's finding approved by the chancellor will not be disturbed by the Supreme Court when not manifestly and clearly against the weight of evidence.

2. SAME—*a party cannot complain of a decree from which he has not appealed.* Error in dismissing a cross-bill, in a creditors' bill proceeding, as to certain defendants cannot be assigned on appeal from a final decree in the cause, where the decree dismissing such cross-bill was not appealed from.

3. SAME—*when finding of fact is not prejudicial to appellants.* In an action where the controlling question of fact is as to the value of

licenses transferred by stockholders in a corporation in full pay-
ment for their stock, a finding that a specified directors' meeting
was a pretended meeting is of no importance, and not prejudicial.

4. SAME—*when finding that certain defendants were non-residents can
not be complained of.* In a suit to enforce the liability of stock-
holders for unpaid subscriptions, a finding that specified defend-
ants are non-residents cannot be complained of by co-defendants
as not sustained by evidence where their liability is severable, or
where the abstract fails to show that the court had any jurisdic-
tion over the defendants so found to be non-residents.

5. SAME—*when finding that certain defendants were insolvent cannot
be complained of on appeal.* A finding, in a suit to enforce against
stockholders their unpaid stock subscriptions, that certain of the
defendants are insolvent cannot be complained of, on appeal, by
co-defendants, where the liability is severable, and where the bill
was dismissed as to the alleged insolvents at the time a final de-
cree was rendered.

6. JURISDICTION—*parties cannot question jurisdiction of person after
submitting to it.* Parties who appear, plead, and submit to the ju-
risdiction of the court over their persons cannot thereafter be
heard to question it.

*Siegel* v. *Andrews & Co.* 78 Ill. App. 611, affirmed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. JOHN GIBBONS, Judge,
presiding.

The Colby Testing Machine Company, a corporation,
the owner of a patent apparatus for testing lungs, regis-
tering weight of persons, etc., sold a license to use and
sell its patent in the State of Missouri to appellants and
several other gentlemen, by contract dated December 27,
1888, for $15,000,—$5000 of which was to be paid in cash,
$5000 in six months and $5000 in twelve months. An-
nexed to and part of the same agreement is a further
agreement, dated January 14, 1889, by the same gentle-
men above named and thirty others, to pay toward the
purchase of said license different amounts, ranging from
$125 to $1000,—in the aggregate $15,000,—the first pay-
ment to be made before January 27, 1889. January 12,
1889, there was filed with the Secretary of State of Illi-

nois an application for forming a corporation to be known as the "Missouri Colby Testing Machine Company," with a capital stock of $100,000, in one thousand shares of $100 each. On February 15, 1889, the Secretary of State issued his certificate of complete organization. All the persons who were purchasers of the license were subscribers for the stock of the new corporation at its par value, in the same proportion that they, respectively, agreed to pay for said license. None of the stockholders ever made payment on their stock except by the transfer of the license to the corporation, though all the stock was issued to them as full paid stock. The corporation was organized for the purpose of vending the Colby testing machine, buying the right to sell said machines in the State of Missouri, and to grant to other parties the privilege to use said machine in that State. December 9, 1890, it appears that one Stanton, a stockholder, had filed a bill against the Missouri Colby Testing Machine Company, the sole defendant, in which the court, by its decree, dissolved the corporation, declared its charter forfeited and that the receiver be ordered to wind up its affairs. When the bill was filed, how the court obtained jurisdiction or what other proceedings had been taken in the case on the original bill does not appear from the abstract.

June 15, 1891, Carl Dernberg, having, by leave of court, been allowed to become a co-complainant with Stanton, filed an amended and supplemental bill, in which is set forth the original bill, and, among other things, alleged that the cause is still pending; that Andrews & Co. had recovered a judgment against the Missouri corporation; that the judgment was fraudulent; that Andrews & Co. had commenced garnishment proceedings against him, Dernberg, and Stanton, Hirsch and Joseph Fish, claiming that they were stockholders and indebted to the corporation on their stock, and prayed an injunction against Andrews & Co. from prosecuting the garnishment proceedings and from beginning any other suits against

them or the corporation.    Andrews & Co. answered this amended and supplemental bill, and thereafter, on July 7, 1891, the court issued an injunction as prayed.

June 23, 1892, but after the filing of the cross-bill of Andrews & Co. hereinafter·mentioned, the amended and supplemental bill of Dernberg was, on motion of solicitor for complainant, dismissed without prejudice to the cross-bill of Andrews & Co., which, it was ordered, should continue pending and be retained by the court for final hearing.

December 7, 1891, an order was entered giving to Andrews & Co., appellee herein, leave to file a cross-bill. It does not appear in appellants' abstract, although it does appear that February 18, 1893, Andrews & Co., a corporation, filed an amended cross-bill, which is in form an ordinary creditor's bill, upon a judgment making the Missouri Colby Testing Machine Company and its stockholders defendants, alleging that the stock was paid for only by the license above mentioned and was issued as full paid and non-assessable; that the license was not worth more than $1000, and that at least ninety-nine per cent of the face value of the stock remained unpaid. This amended bill also alleges that divers of the stockholders are non-residents, that others are insolvent, and prays, among other things, that each of the stockholders who is a resident of Illinois and is not insolvent may be decreed to pay cross-complainant's judgment to the extent of· the unpaid portion of his stock in the corporation, and for general relief.    By the abstract of appellee of the supplemental record, the original cross-bill of Andrews & Co. appears to have been filed December 7, 1891, and was an ordinary creditor's bill based on a judgment, and sets forth the filing of the original bill and of the amended and supplemental bill and injunction against Andrews & Co.

Appellant Hirsch, on December 3, 1892, answered the cross-bill of Andrews & Co.    He admitted he was a stock-

holder, but alleged that his stock was fully paid for, but
on April 15, 1893, he entered a special appearance, and
suggested to the court that it had no jurisdiction be-
cause a final decree had been entered in the cause De-
cember 9, 1890.

Appellant Siegel, April 6, 1892, demurred generally to
the cross-bill of Andrews & Co., and April 17, 1893, en-
tered his motion to strike the amended cross-bill from
the files and to dismiss the case as to him, but for what
reason does not appear. Subsequently, Hirsch answered
the cross-bill and amended cross-bill, and therein claimed
also that the court had no jurisdiction because of the de-
cree of December 9, 1890, and also answered to the merits
fully. Siegel also answered the merits of the cross-bill
and amended cross-bill of Andrews & Co. fully.

Replications were filed to the respective answers of
Hirsch and Siegel by Andrews & Co. Answers of divers
other defendants to the cross-bill were filed, as to whom
the cross-bill was set down for hearing upon bill and an-
swers of these defendants, and after a hearing thereon
the cross-bill was, January 5, 1893, dismissed as to these
cross-defendants for want of equity. No appeal was taken
from this decree. As to the remaining defendants to the
cross-bill, aside from the appellants and the corporation,
the abstract fails to show that the court had jurisdiction
of them or either of them.

November 11, 1893, the cause was referred to the mas-
ter to take proof and report the same with his conclusions.
The master reported, which report, after numerous ob-
jections and exceptions thereto by appellants had been
overruled, was confirmed by the court and a decree en-
tered November 13, 1897, finding the facts with regard
to the corporation, its original subscription for and pay-
ments for stock and stockholders, substantially as before
stated; that a certain directors' meeting of February 27,
1889, was only a pretended meeting; that there was due
to Andrews & Co., on its judgment, from the corporation,

the sum of $4037.23 and costs; that there was still unpaid on the stock of Siegel $5666.66 and on the stock of Hirsch $1416.66, and upon the stock of each of six other stockholders the same amount as was found due from Hirsch, aggregating in all $15,583.28, and decreed that Siegel pay the amount due Andrews & Co., and that each of the other seven stockholders also pay to Andrews & Co., on its judgment, the respective amounts found due from each, and further decreed that whenever Andrews & Co. shall have received the amount of its judgment, interest and costs, whether the amount be recovered from one or more of the defendants, the decree shall then be satisfied in full as to each and all of the defendants. From this decree appellants appealed to the Appellate Court, which affirmed the decree.

A. BINSWANGER, and ROSENTHAL, KURZ & HIRSCHL, for appellants.

CHARLES C. ARNOLD, for appellee.

Per CURIAM: In deciding the case the Appellate Court delivered an opinion, of which the following, with a few slight changes, is a copy:

"Appellants have each separately assigned fifty-four errors, or one hundred and eight in all, all of which are urged upon the consideration of the court. We are of the opinion that their substance may be fully stated, viz.: First, that the chancellor was in error in holding that the stockholders did not fully pay for their stock, but only paid fifteen per cent of its par value; second, that it was error to dismiss the cross-bill as to defendants who answered and had a hearing on the cross-bill, and their respective answers; third, that it was error to hold that the directors' meeting of February 28, 1889, was only a pretended meeting; fourth, that there was no evidence to sustain the finding of the court that certain defendants were non-residents, thus placing an undue burden

upon appellants; fifth, that there was no evidence that defendants Adler and Baer were insolvent, as found by the master and court; and sixth, that it was error to proceed without bringing the principal party, the corporation, a judgment debtor, into court, and long after final decree on the original bill.

"The first contention raises a question of fact, which has been passed upon adversely to appellants by the master. This finding has been approved by the chancellor, and, after a careful reading and consideration of the evidence, we cannot say that its weight is manifestly and clearly against the finding, and that being so, we should not and will not disturb it. *Miltimore* v. *Ferry*, 171 Ill. 219.

"The second contention is not tenable, because appellants have not appealed from the decree dismissing the cross-bill as to defendants who had a hearing on the bill and answers. This decree was entered January 5, 1893, and the decree appealed from was entered November 13, 1897. Appeals are purely statutory, and no one can, on appeal, complain of a decree from which he has not appealed. Moreover, this being a creditor's bill, one defendant stockholder alone might have been pursued, to the exclusion of all other stockholders. *Palmer* v. *Woods*, 149 Ill. 146.

"We are unable to perceive how the. holding of the court that the directors' meeting of February 27, 1889, was a pretended meeting, in any way prejudiced appellants. The controlling question of fact in the contest was as to the value of the licenses transferred by the stockholders in full payment for their stock, and whether this meeting was a pretended one or not we do not think was of any importance.

"The fourth contention cannot be urged here, because, as to the defendants whom the court found to be non-residents, the abstract fails to show that the court had any jurisdiction. (*Gibler* v. *City of Mattoon*, 167 Ill. 18.) If the court had no jurisdiction of these defendants the

error was harmless. Moreover, their liability was severable, and in no way depended on the claim against appellants. (*Palmer case, supra*).

"The same reason applies to the fifth contention. Also it is not tenable, because, as to the defendants Adler and Baer, the bill was dismissed on motion of cross-complainant at the time the final decree was rendered.

"*Sixth*—This contention, in so far as it is based on the claim that the principal debtor was not in court, cannot be sustained, because it appears affirmatively that it was served with process November 11, 1890. As to the court's proceeding long after final decree on the original bill, the appellants cannot now be heard to object for two reasons, viz.: First, because, after the entry of what they claim was the final decree, December 7, 1890, an amended and supplemental bill in the cause was filed June 15, 1891, which was pending and undetermined when the cross-bill of Andrews & Co. was filed, and when this amended and supplemental bill was dismissed the cross-bill was expressly retained for a final hearing; second, that the court had jurisdiction of the subject matter cannot be questioned, and these appellants, before making any objection to the jurisdiction of the court whatever, appeared, Siegel demurring generally and Hirsch answering the cross-bill. They thus submitted to jurisdiction over their persons. Had they wished to raise the question of jurisdiction they should have pleaded, and having failed to do so, cannot now be heard to object to the right of the court to proceed. (*Parker* v. *Parker*, 61 Ill. 369).

"The above considerations make it unnecessary to pass upon appellants' motion to strike out certain parts of the record. The decree is affirmed."

We concur in the foregoing views and in the conclusion above announced. Accordingly, the judgment of the Appellate Court is affirmed.            *Judgment affirmed.*