### Garrie S. French v. The Commercial National Bank and Edward B. McKey, Receiver.

97    533
a199s 213

1. CHANCERY PRACTICE—*When an Allegation of a Return of an Execution Nulla Bona, Unnecessary.*—In a bill to set aside a conveyance alleged to be fraudulent, an allegation of a return of an execution *nulla bona* is unnecessary to give the court jurisdiction.

2. SAME—*When Answer Overrules a Demurrer.*—It seems to be well settled that an answer to a bill previously demurred to, overrules the demurrer.

3. EVIDENCE—*Sufficient to Establish the Execution of an Instrument.*—When a witness testifies that she did not remember signing the paper, but that the signature looked like hers and in her answer to a supplemental bill admitted its execution as set out in the bill and prayed the protection of the court in the enforcement of its terms, the finding by the court that she executed the instrument is fully warranted by the evidence.

4. DECREES—*When Not to be Disturbed by a Court of Review.*—

Where a party, claiming to be a trustee, is defendant to a bill to set aside a conveyance alleged to be fraudulent, refuses to appear before the master and submit to an examination with respect to the disposition of certain property turned over to him, and persistently fails and contumaciously refuses to obey the orders of the court, he is liable to be charged with the full value of the property without compensation for his services, and unless the reviewing court can say that the finding is clearly and manifestly against the evidence, it will not be disturbed.

**Bill to Set Aside a Fraudulent Conveyance.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed October 10, 1901.

**Statement.**—February 27, 1897,the Commercial National Bank filed a bill against Garrie S. French, George A. Leslie, Lizzie M. Leslie, his wife, Ezra T. Miller, Alva T. Martin and Anderson E. Martin, the appellees, averring that February 8, 1897, the complainant recovered judgment against George A. Leslie for the sum of $419 and costs, in the Superior Court of Cook County; that execution issued on said judgment February 10, 1897, was delivered to the sheriff the same day, and February 18, 1897, the sheriff returned the execution, defendant not found, and no property found in Cook county on which to levy. Avers that George A. Leslie, for a number of years prior to January 29, 1897, was engaged in the business of manufacturer's agent for shoes and other leather goods at 109 Fifth Avenue, Chicago, and January 29, 1897, owned a stock of goods of the value of at least $10,000, and had debts and book accounts due and unpaid, as complainant has been informed and believes, of the amount of $5,000; that January 29, 1897, said Leslie confessed judgment for the sum of $3,718.33, in the Circuit Court of Cook County, in favor of his wife; and thereupon execution was issued on said judgment and was levied on said stock of goods; that January 30, 1897, said George A. Leslie confessed judgment in said Circuit Court in favor of Ezra T. Miller for $7,104.16, and execution was issued on said judgment and was delivered to the sheriff, and January 29, 1897, was levied on same property; that George A. Leslie was indebted to sundry persons, and

entered into a conspiracy with Lizzie M., his wife, said Miller and others, to confess judgment on notes given without consideration, and that the notes on which the said judgment in favor of Lizzie M. Leslie and Miller were confessed were fraudulent and without consideration; that Lizzie M. Leslie instituted collusive proceedings for a divorce against her husband, for the purpose of misleading complainant and other creditors of her husband into the belief that the note on which judgment in her favor was confessed was for money advanced by her; that after the sheriff had levied on said stock, Lizzie M. Leslie, Ezra T. Miller and Garrie S. French agreed in writing to the effect that Garrie S. French, as trustee, should purchase the property at the sheriff's sale, remove it to some safe place, and dispose of it at public or private sale, as might be best, and that French should receive for his services as trustee for Lizzie M. Leslie and Miller, $150 per month so long as he should continue to act as trustee; that in pursuance of said agreement, said French, February 15, 1897, purchased the property at the sheriff's sale for $5,000, and removed the same to a warehouse, or warehouses, where the same is stored, and is holding the same as his own, notwithstanding his said trusteeship, well knowing the judgments in favor of Lizzie M. Leslie and Miller are fraudulent and without consideration; that French claims that George A. Leslie has assigned to him all his debts and book accounts, and has so notified Leslie's debtors, and has collected several claims and is about to collect others; avers, on information and belief, that French has about completed a sale of the property purchased by him at the sheriff's sale, and will dispose of the same February 27, 1897, and so further hinder and delay the creditors of George A. Leslie, unless a receiver is appointed, and said French restrained; that Lizzie M. Leslie is of no financial responsibility. Prayer for receiver and injunction and for general relief. An injunction was granted and a receiver was appointed and qualified. Several intervening petitions of creditors of George A. Leslie were filed, and the issues having been made up, the

cause was referred to a master to take proofs and report. May 21, 1897, the master filed a report, in which he found, in substance, that the sole valid consideration for the note for $3,500, on which judgment was confessed in favor of Lizzie M. Leslie, was $627, and that the sole consideration for the $7,000 note, on which judgment was confessed in favor of Miller, was $1,000, and that both of said notes were fraudulent as to creditors. The master also found that there was a trust agreement between Lizzie M. Leslie, Ezra T. Miller and Garrie S. French, as averred in the bill, and that in pursuance of such trust agreement French purchased George A. Leslie's stock at the sheriff's sale, he bidding therefor the sum of $5,500. The master finds in favor of the claim of the Commercial National Bank, and the claims of certain intervening creditors, and recommends a decree in accordance with the prayer of the bill.

The complainant, Mary M. Leslie, and Garrie S. French, filed exceptions to the master's report, after which an agreement in writing was entered into between George A. Leslie, Lizzie M. Leslie, the Bluffton Shoe Company, Jacob Roedel, W. L. Kreider & Son, J. Landis & Sons and W. H. Usher & Sons, all of whom, except the Leslies, were intervening creditors, wherein, after reciting that the master's report had been filed, finding that the judgments confessed in favor of Lizzie M. Leslie and Miller should be set aside, and that the property levied on by virtue of executions issued on said judgments should be turned over to the receiver for the benefit of the creditors of George A. Leslie, and also that the assignment of accounts, etc., by George A. Leslie to French should be set aside, and that a hearing had been had in court on exceptions to said report, and that all parties were desirous of settling their claims in an amicable way, it was agreed that Lizzie M. Leslie should withdraw her exceptions to the report and consent to its being approved and aid the complainant and the receiver in obtaining from Garrie S. French the property of George A. Leslie in French's hands, and also that a decree should be entered in the cause providing for the distribution of the funds in the receiver's hands, as follows:

1st.  Payment of all court costs in all cases of creditors v. Leslie.

2d.  $1,000 to Miller.

3d.  Payment of claim of Commercial National Bank in full.

4th.  Payment of solicitors' fees to Sleeper, McCordic & Barbour, $150; Flower, Smith & Musgrave, $150; Newman, Northrup & Levinson, $100; claims of J. Roedel, Kreider & Sons, Landis & Sons, Bluffton Shoe Company and Usher & Sons, fifty per cent respectively, plus court costs.  Remainder, one-half to Lizzie M. Leslie and one-half to James J. Barbour.

The agreement is dated July 20, 1897, and concludes with a provision that it should not be binding if not carried out within four months, unless extended by agreement.

Subsequently, September 10, 1897, all the parties to the foregoing agreement and the Commercial National Bank, by another agreement in writing, extended the agreement of July 20th until the time of entry of the final decree in the cause.  S. A. French, father of Garrie S. French, was the solicitor of Lizzie M. Leslie, and after the agreement of July 20th was executed she substituted for French Messrs. Coffey and Hurtubis as her solicitors, and they, by her authority, withdrew her exceptions to the master's report July 23, 1897.  March 9, 1897, an order was entered ordering Garrie S. French to turn over to the receiver all books, papers, vouchers and documents belonging to George A. Leslie, or in which he was interested, and from collecting, prosecuting, or attempting to collect or prosecute, any claims placed with him by said Leslie, and directing the receiver to proceed with the collection of the same.

August 27, 1897, a further order was entered, ordering Garrie S. French forthwith to transfer and deliver to the receiver all property of every kind and description (not including the money realized and collected by him) and all books, papers and accounts received by him from George A. Leslie, in which George A. Leslie was interested, and delivered to him under agreement of February 8, 1897, and to file an account of all moneys collected under said agree-

ment within five days, and leave given to Garrie S. French to file a supplemental answer, etc.

September 1, 1897, appellant French filed a supplemental answer, which concludes, in substance, as follows:

"Avers that this defendant is only answerable to Lizzie M. Leslie and Ezra T. Miller to account under said trust; that complainant has not shown by said bill, or the evidence taken thereunder, any right, equitable or otherwise, to call on this defendant for an accounting. Avers willingness and ability to account for and turn over all property coming into his hands, and in his hands, or within his knowledge or control, under the terms of said trust agreement, to said *cestuis que trust*, or any person lawfully claiming and entitled under, through or by said *cestuis que trust*."

September 21, 1897, an order was entered referring the cause to another master, with directions to take proofs on the bill of complaint, answers, supplemental answer and replications, and as to all moneys, property and effects that come into the hands, or is now in the hands of Garrie S. French under and by virtue of the trust agreement of February 8, 1897, and the assignment of accounts of same date by George A. Leslie, and ordering appellant to appear before the master and account.

October 5, 1897, the master reported, among other things, that September 28, 1897, he entered a rule on Garrie S. French to appear before him on Friday, October 1, 1897, at two o'clock P. M. and submit to an examination under oath, as required by the order of court of September 21, 1897; that thereupon said French and his solicitor appeared before him, the master, and said solicitor argued, among other things, that the court had not jurisdiction to enter said order, and that Garrie S. French, by the advice of his solicitor, declined to appear and submit to an examination, as required by said order, and that said French failed to appear, in compliance with the rule entered, as aforesaid, to appear before him, the master, in accordance with said order of September, 21, 1897.

October 6, 1897, an order was entered requiring Garrie S. French to show cause, by ten o'clock A. M., October 12, 1897,

for his failure to appear before the master, as theretofore ordered. October 11, 1897, French filed an answer to the rule to show cause, claiming, as he persistently had claimed, that the court had not jurisdiction to enter the order of September 21st, and not offering to appear before the master and submit to an examination, as required by that order.

Such further proceedings were had in the matter of the rule to show cause, that October 19, 1897, a judgment was entered fining Garrie S. French $500 and committing him to the county jail until such time as he could comply with the order of September 21, 1897, etc. French appealed from that judgment to this court, and the judgment was reversed for reasons stated in the opinion in French v. The Commercial National Bank et al., 79 Ill. App. 110.

January 11, 1898, after the judgment in the last mentioned cause had been reversed and the cause remanded, the Commercial National Bank filed, by leave of court, an amended and supplemental bill, in which are set up, among other things, the agreement of July 20, 1897, and the extension thereof, dated September 10, 1897, heretofore referred to, praying, among other things, that the judgments in favor of Lizzie M. Leslie and Ezra T. Miller be declared fraudulent as to creditors, and that they, Leslie and Miller, take nothing by said judgments, but be compelled to share in the distribution of funds in the manner prescribed in the composition agreement of July 20, 1897, and that the trust agreement of February 8, 1897, be declared a fraud, etc. Garrie S. French demurred to the entire amended and supplemental bill, assigning grounds of demurrer, but subsequently he answered the bill. The Leslies each filed an answer admitting the execution of the composition agreement of July 20, 1897, set up in the amended and supplemental bill. Miller also answered, claiming the benefit of the composition agreement, as also did the other creditors heretofore named. Replications were filed to the answers, and the amended and supplemental bill was referred to a master to take proofs and

report.  The master's report was filed July 10, 1899, and a decree was entered March 2, 1900.  The court, by its decree, finds specifically in favor of the material allegations of the bill and the amended and supplemental bill. The court finds that the fair market value of the property turned over to appellant at the sheriff's sale was $7,560.25, and that it might have been sold for $9,000; that appellant sold the same to one David Rankin for $3,250, and that said sale was a pretense and a fraud, and for the purpose of hindering and delaying complainant in the collection of its judgment, and that appellant had in his hands property of George A. Leslie, or the proceeds thereof, of the value of $7,560.25, and $298.35 of money collected; finds the compromise agreement of July 20, 1897, binding on the parties; finds that there is due from appellant $7,566.85, with interest from September 21, 1897, amounting in all to $8,433.34, after allowing all proper credits.  The court overrules all exceptions to the master's report so far as said exceptions conflict with the findings of the decree, and approves the report except in so far as it conflicts with the decree.  The ordering part of the decree is, in substance, as follows:

That Garrie S. French pay to Edward B. McKey, receiver in this case, within forty-five days after the entry of this decree, the sum of $8,433.34 wrongfully withheld by him, and deliver to receiver all books of accounts, papers and documents belonging to or received from George A. Leslie; that judgment in favor of Lizzie M. Leslie against George A. Leslie for $3,718.33, and judgment of Ezra T. Miller against George A. Leslie, for $7,104.76, be set aside; that Henry M. Rogers, administrator to collect the estate of Lizzie M. Leslie, deceased, be held to abide by and take under the compromise agreement of July 20, 1897, and not under their judgment writs; that the complainant and the defendants, Bluffton Shoe Company, W. L. Kreider & Son, J. Landis & Son, W. R. Usher & Sons, and their solicitors, be paid the amounts found due them by Master in Chancery Stevenson, by virtue of the provisions in their favor,

in the agreement of July 20, 1897; that James J. Barbour be paid by the receiver whatever sum of money shall be due him by virtue of the provisions in his favor in the agreement of July 20, 1897; that the receiver, after he shall receive payment from said Garrie S. French, as directed in this decree, shall make report of all moneys in his hands as such receiver, and the court reserves jurisdiction, for the purpose of carrying out the provisions of this decree, and makes no disposition of the accounts receivable of George A. Leslie, as yet uncollected, etc.

GAGE & DEMING, attorneys for appellant.

JAMES J. BARBOUR, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Counsel for appellant seek a reversal of the decree on several grounds. First, that the court had no jurisdiction, because it does not appear from the evidence that the complainant had exhausted its remedy at law. This proposition is based mainly on the ground that the execution issued on the complainant's judgment February 9, 1897, and delivered to the sheriff February 9, 1897, seems to have been returned February 18th, by direction of the plaintiff's attorney. The same point was made by appellant in the same cause, between the same parties, in French v. Commercial National Bank et al., 79 Ill. App. 110, and was decided adversely to appellant, for reasons stated in the opinion, and we feel bound by that decision. The evidence of De Lue, the deputy sheriff who returned the writ, is, that two or three days before the writ was delivered to him, he had sold all the property of George A. Leslie which he could find, and that he tried to find Leslie to make a demand on him on complainant's execution, and could not find him; that he had removed from his former place of business. Two executions and the returns thereto were put in evidence, one issued January 29, 1897, on Lizzie M. Leslie's judgment against George A. Leslie for $3,748 and costs, and the other on Miller's judgment against George

A. Leslie for $7,104 and costs.  The returns show that the former execution was levied January 29th and the latter January 30, 1897; that February 9, 1897, there were sales under both executions, and that after satisfaction of Lizzie M. Leslie's judgment and costs there remained only $1,185.94 to apply on the Miller judgment, which was returned satisfied for that amount.

The evidence shows conclusively, as we think, that George A. Leslie had no property except that levied on and his bills receivable and accounts, which the evidence shows were assigned to appellant in trust.  Mr. Barbour testified that De Lue, in his presence, and before the return was made, stated to Mr. Peters, the chief clerk in the sheriff's office, that he had sold all the property of George A. Leslie which he could find, and that he couldn't find Leslie, and that Peters said the writ might be returned in accordance with said facts.

In no case cited by counsel, in support of the view that the legal remedy was not exhausted, were the facts the same or similar to those in the present case.

Counsel also contend that complainant had a legal remedy by garnishment, but we find no sufficient evidence to sustain this position.

Appellant's counsel object that the supplemental bill was improperly filed, was demurrable, and that no relief could be granted under it.  The precise objection, if we understand the argument of counsel, is that the original bill was defective, and therefore could not be aided by supplemental bill, and that by the supplemental bill the complainant claims by a new title, namely, under the composition agreement.  We find no defect in either the original or amended and supplemental bill, nor any inconsistency, in so far as complainant's claim is concerned, between the former and the latter.  By the original bill the complainant, on the ground of fraud therein alleged, sought to subject, to the satisfaction of its judgment, property of George A. Leslie in the hands of appellant.  The amended and supplemental bill proceeds on the same grounds, set-

ting up, in addition, the composition agreement, by the terms of which complainant's claim is to be paid in full. The withdrawal of Mrs. Leslie's objections to the report of Master Winchester, finding her and Miller's notes, on which judgments were confessed, fraudulent, and her consent to the approval of that report, was a virtual confession that the notes were fraudulent as to creditors, as was also her consent, and that of her husband and Miller, to the composition agreement of July 20, 1897. Appellant demurred to the amended and supplemental bill, and subsequently answered it. It seems well settled that an answer to a bill, previously demurred to, overrules the demurrer. Story's Eq. Pl., 9th Ed., Sec. 462; Mitford and Tyler's Pl. & Pr. in Eq., p. 304.

It is objected by counsel that Mrs. Leslie did not sign the supplemental agreement of September 10, 1897, extending the composition agreement of July 20th. Mrs. Leslie testified that she did not remember signing the paper, but that the signature looked like hers, and in her answer to the amended and supplemental bill she admits the execution of the agreement of July 20, 1897, set out in the bill, and prays the protection of the court in the enforcement of the terms of said agreement. We think the finding that she signed the extension agreement fully warranted by the evidence.

Without referring to the evidence in detail, which is very voluminous, we think it fully justifies the finding of the court, that the trust agreement for the disposition of George A. Leslie's property was fraudulent as to creditors, and that the court had ample jurisdiction to require appellant to account for the disposition of the property which was turned over to him under that agreement, and to appear before the master and submit to an examination in respect thereto; and that appellant, having persistently and contumaciously failed and refused to obey the orders of the court in that regard, is liable to be charged with the full value of the property, and is not entitled to any compensation for his services as trustee. The master found that the cash value

of the goods levied on, and which, under the trust agree-
ment, were nominally purchased by appellant, was $7,560.25,
and that appellant had collected of the accounts assigned to
him as trustee, the sum of $298.35.    The court approved
this finding, and found the total amount due from appellant,
after deducting certain credits, $7,566.85, with interest from
September 1, 1897, the date of the order directing appellant
to appear before the master and account.    The rule in such
case is, that unless the reviewing court can say that the
finding is clearly and manifestly against the evidence, it
will not be disturbed.    Siegel v. Andrews & Co., 181 Ill.
350, 356.

Having carefully read and considered the evidence, we
can not say that its weight is manifestly and clearly against
the finding.    The decree will be affirmed.