Archibald v. Banks.

## George N. Archibald et al. v. Martha Sophia Banks et al., Executrices, et al.

107    97
a203s 380

1. CHANCERY PRACTICE—*Report of Master Should Not Be Reversed Unless Clearly Against the Evidence.*—The decree of the chancellor which approves the report of the master should not be reversed unless the reviewing court is convinced from an examination of the record that it is clearly and manifestly against the evidence.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed February 26, 1903.

D. J. AVERY and C. P. ABBEY, attorneys for appellants.

H. M. MATTHEWS, attorney for appellees.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

In March, 1872, appellants gave to James M. Banks an incumbrance on twenty-five acres of land and a city lot, to secure three notes for the respective sums of $1,500, $1,500 and $2,500, amounting in all to $5,500.

To and including 1875, appellants paid the interest on this loan. They also paid other sums sufficient to extinguish the first $1,500 note, which was surrendered to them in 1875, and the city lot was released from the lien of the trust deed. What sums, if any, they paid from November 1, 1875, to February 1, 1888, are here in dispute. George N. Archibald was absent from the city of Chicago most of the time from August, 1876. During his absence, Banks collected the rents on the premises in question and paid the taxes thereon.

February 1, 1888, the parties agreed that a new note evidencing and a new trust deed securing the payment of this indebtedness should be executed. Banks testifies that the principal sum of the note dated February 1, 1888, ($7,828.52) was arrived at by adding the interest for eleven years and three months upon the sum of the two unpaid

notes ($4,000), dated March 13, 1874, at eight per cent per annum, to said $4,000, adding to the sum so obtained the several sums paid by him for taxes upon the premises in question, and deducting from this aggregate the amounts he had received as rent for the same premises; that he presented a detailed statement of this computation to Archibald when the $7,828.52 note was given, and that Archibald looked it over and had all the papers. Archibald swears that he did not then figure over the account with Banks, and that the latter said he would correct any errors "I might find in the transaction."

Passing this contradiction for the present, it is admitted that on February 1, 1888, Archibald signed and delivered his note of the last date for $7,828.52, due five years after date, with interest at six per cent per annum, payable semiannually, and Archibald and his wife, under the same date, executed, acknowledged and delivered to Nathan M. Freer, trustee, a trust deed upon the premises in question, to secure the payment of the said principal sum and interest thereon. Within a few days thereafter, and as of the last mentioned date, by agreement of the parties, and at the request of Archibald, the following was indorsed upon such principal note: ·

"$290.46.

Recd. on the within note Feb. 1, 1888, two hundred and ninety 46-100 dollars. This indorsement is made to correct the amount due on the within note by reason of what appears by a former note between the parties of $1,500 due Nov. 1, 1874, to be an overpayment of $141, which, with interest thereon at 8 per cent for 13 yrs. and 3 mos. makes this amt."

Upon this indebtedness Archibald paid interest for more than five years, without complaint.

The bill in this case was filed August 16, 1900, to foreclose the last mentioned trust deed, alleging there was then due on said principal note $6,956.89, with interest at eight per cent from October 28, 1893, with an attorney's fee of $100.

Archibald, by his answer, sets up the giving of the three

notes of March 13, 1874; his payments thereon until he had nearly extinguished the indebtedness; and says in 1878 the rate of interest on the remainder of the debt was reduced to six per cent, and he then gave Banks a power of attorney to collect the rents of the property and to pay the taxes thereon, and then to credit him with the excess; and avers that February 1, 1886, Banks insisted upon new papers to secure the balance due, stating such balance at $7,828.32; that he, Archibald, objected, and stated that the debt was nearly if not entirely paid, when Banks agreed that upon a settlement he would give credit upon said new note for any errors Archibald should find in the calculation made by Banks, and that having confidence in the integrity of Banks, and for his accommodation, he, Archibald, signed said last note and trust deed. He then sets up in detail sundry amounts paid by him from time to time, which he claims should have been but were not credited upon said indebtedness.

After sundry amendments to the bill and answer, upon issue joined, the cause was referred to a master to take proof and to report the same with his opinion upon the law and the evidence.

The master made his report January 20, 1902, finding for appellee, and finding the amount due, including interest to date of the report, to be $11,637.08, with the further sum of $100 for solicitor's fees, and recommending the entry of a decree in accordance with such findings. Upon a hearing the chancellor entered a decree confirming the master's report in all respects. From that decree this appeal was perfected.

The master, after stating the evidence and drawing certain conclusions, among other things, says:

" In view of all this I find that no such payments as are claimed were ever made on said debt, and that said last mentioned note represented the true state of the account then existing; and with the corrections made at the request of Archibald constituted an agreed amount due at that time. After all these years have elapsed, without any apparent claim made by Archibald that these various

credits should be allowed, and in the face of the fact that he executed the notes, and went on paying interest on the full amount claimed by Banks to be due, without protest, and in view of the fact that he is contradicted on all points by Banks, and that he is also contradicted by other disinterested witnesses as to some of his statements, and also by the written evidence, no other conclusion would be possible."

We have gone over this record carefully, and from that examination are of the opinion that the master is clearly right in his findings. We can not disturb the decree based upon such findings and evidence supporting it. The decree of the chancellor, which approves the report of the master, should not be reversed unless the reviewing court is con-vinced from an examination of the record, that it is clearly and manifestly against the evidence. Hagemann v. Hage-mann, 102 Ill. App. 481; Siegel v. Andrews & Co., 181 Ill. 350.

The decree of the Circuit Court is therefore affirmed.