## Indie W. Bush v. Edward P. Caldwell et al.

### Gen. No. 13,435.

MASTER IN CHANCERY—*what may properly be included in report of.* It is entirely proper for a master while a matter is still pending before him, to include in his report a statement to the effect that since the taking of the testimony and the drafting of his report a certain admission has been made by one of the parties to the litigation.

Bill for injunction, etc. Error to the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed October 3, 1907.

ROSENTHAL, KURZ & HIRSCHL, for plaintiff in error.

HENRY R. RATHBONE, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Plaintiff in error filed a bill of complaint against the defendants in error, Edward P. Caldwell and Peter B. Olson, clerk of the County Court of Cook county, averring, in substance, as follows:   W. W. Wallace is complainant's father and is and has been her agent in making investments, and, about August 26, 1904, complainant purchased from Gloss & Timke for $903.29 tax certificates of sale for taxes of lots 3 to 48, both inclusive in block 5 of Clyde's first division of section 29, township 39, range 13, in Cook county, Illinois, which lots were sold for taxes August 26, 1902. Said sum of $903.29 included penalty, subtax, interest on subtax, advertising, redemption fee and bonus of $35 to said Gloss & Timke.   About December 21, 1904, complainant employed Edward P. Caldwell to procure from Gloss & Timke the proofs wherewith to obtain a tax deed for said lots from said clerk, Peter B. Olson, and delivered to said Caldwell the said tax sale certificates and $50 to pay the expense of procuring a tax deed of said lots.   December 21, 1904, said Caldwell procured said proofs from Gloss & Timke, but directed defendant Olson to issue tax deeds to him, Caldwell, and said Olson, unless restrained, etc., will so do.   Caldwell is married, and deeds to him will complicate the title and involve multiplicity of suits and will irreparably injure complainant.   Caldwell is insolvent.   The bill prays general and special relief and for an injunction and waives oath to answers.   A temporary injunction was ordered issued.

An answer was filed denying *seriatim* the material allegations of the bill, and averring that about August 25, 1904, defendant Caldwell borrowed $1,022 from W. W. Wallace for the purpose of buying the tax sale certificates in question, for himself, and not for any other person, and purchased the same by Mr. Henry M. Pierce, his attorney, who obtained from Gloss & Timke the certificates and proofs; ad-

Bush v. Caldwell.

mits that he is married, but denies that a deed to him would complicate the title.

A replication was filed to the answer, and the cause was referred to a master with directions to report the evidence, with his conclusions of law and fact. The master reported, recommending that the bill be dismissed for want of equity. Objections were filed before the master to his report, which he overruled, and the objections were ordered to stand as exceptions on the hearing. The court overruled the exceptions and dismissed the bill for want of equity at the complainant's costs.

The issue which is made by the pleadings, viz.: whether the complainant purchased the certificates of tax sales, by her alleged agent, Wallace, or whether the defendant Caldwell purchased them with money borrowed by him from Wallace for that purpose, was the issue tried, and constitutes the question argued by counsel for the parties respectively. We have carefully read and considered the evidence, and find it irreconcilably conflicting. In this state of the evidence, the court having confirmed the master's report by overruling all exceptions to it and decreeing in accordance with it, the rule is as stated by the Supreme Court in Siegel v. Andrews & Co., 181 Ill., 350, 356, in these words: "The first contention is one of fact, which has been passed upon adversely to appellants by the master. This finding has been approved by the chancellor, and, after a careful reading and consideration of the evidence, we cannot say that its weight is manifestly and clearly against the finding, and that being so, we should not and will not disturb it." In the present case we cannot say that the finding of the master, approved, as it has been, by the court, is manifestly against the weight of the evidence, and the evidence produced by the defendants in error, sustained in part, as it is, by the testimony of H. M. Pierce, called by plaintiff in error, is amply sufficient to sustain the finding. It is recited in the certificate of evidence as follows:

"It was ordered that a certain admission as to the facts by the attorney for the defendants should be filed, and thereupon

the aforesaid admission of facts by the attorney for defendants, referred to by the chancellor, was filed in writing by said attorney, which said admission of facts was and is in the following words and figures:

"State of Illinois,  }ss.
  County of Cook.  }

    BUSH  }
      vs.  }
  CALDWELL.  }

To the Honorable judge of the Circuit Court, in chancery sitting:

In order that there may be no misunderstanding, I feel it incumbent upon me, as solicitor for defendant, to state by way of explanation that the statement contained in the report of the master in chancery that the complainant in foreclosing a certain chattel mortgage of the Peerless Gas Engine Company 'Elected to consider the transaction as a loan, and should, therefore, be estopped from claiming any further benefits from said transaction than the prosecution for the principal and interest,' that the chattel mortgage in question, and which it is admitted was foreclosed on the property of the Peerless Gas Engine Company, was the first chattel mortgage given by this company, given to secure its note for $1,925, and does not refer to the second chattel mortgage, which was given as further security for the loan, which defendant claims was made to him. The defendant's contention is, that it makes no difference whether the second chattel mortgage was foreclosed or not, as long as it is deemed that the first chattel mortgage on the same property of the same Company, was foreclosed by the complainant, by William Wallace, his attorney in fact, and the property of the company disposed of so as to make it impossible to restore the parties to their original position."

It is stated by counsel for plaintiff in error that "the chancellor decided upon what he terms 'a certain admission as to the facts' made in writing in open court by the attorney for the defendants," Arg. p. 3, and counsel, in the closing part of their argument say, in substance, that the

so-called admission is improperly in the record, and that the chancellor would not have held as he did had it not been for the so-called admission.    The decree is in the usual form of a decree dismissing a bill for want of equity, and, of course, does not indicate whether the chancellor was or was not influenced by the so-called admission, and counsel do not point out anything in the record indicating that he was.

The master, in his report, after stating that it is impossible to base a satisfactory finding on the evidence, says: "However, since the taking of testimony and drafting the master's report, it has been brought to the master's attention by the defendants and admitted by the complainant, that the complainant has foreclosed the chattel mortgage given *him* to secure the notes of the Peerless Gas Engine Company previously delivered to Wallace by Caldwell." This was inserted in the master's report before objections made, as is shown by complainant's objections 18 to 23.

The evidence in the record shows that a chattel mortgage of date December 20, 1904, was executed by said Gas Engine Co., to Mrs. Bush to secure the payment to her of a note for $1,925.91, and that previously, namely, December 7, 1904, the same company had executed a chattel mortgage of the same property to W. W. Wallace to secure the payment to him of $1,022.60, and the evidence for the defendants tends to prove that this note was deposited with Wallace by the defendant Caldwell to secure the payment of the money which Caldwell claims he borrowed from Wallace, to buy the certificates of tax sales, and which the complainant ·claims was her money with which she claims the certificates were purchased by her.    It was entirely proper for the master, while the matter was pending before him and his report yet unsigned, to include in his report the matter in question, admitted, as it was, by the complainant.    The only admission, properly so-called, in the statement filed by order of court on the hearing, is in these words:    "That the chattel mortgage in question and which it is admitted was foreclosed."    All else is mere statement of counsel. Counsel for plaintiff in error are not in a position to com-

plain of the admission on the hearing by counsel for the defendants of a fact which their client, the complainant, admitted before the master. If the admission was incompetent, the court will be presumed to have ignored it. There is sufficient evidence without it to sustain the decree.

The decree will be affirmed.

*Affirmed.*