(No. 11289.—Decree affirmed.)

WILLIAM SMITH *et al.* Appellants, *vs.* THE THOMAS ELE-
VATOR COMPANY *et al.* Appellees.

*Opinion filed April 19, 1917—Rehearing denied June 8, 1917.*

HIGHWAYS—*when question whether an alley is public or private
is one of fact.* Where an alleyway was never laid out or recog-
nized by the public authorities as a public alley, the public records
showing no plat or map of the same, the question whether it is a
public or private alley is one of fact, to be determined from the
nature of the use of it by the public, and a decree approving the
master's finding, from oral testimony, that such alley is private be-
cause the use by the public was by permission, will be sustained
unless clearly contrary to the weight of the testimony.

APPEAL from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding.

MEEK & McDONALD, (GRANT NEWELL, of counsel,)
for appellants.

EDDY, WETTEN & PEGLER, (JASPER F. ROMMEL, of
counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The appellants, William Smith and Elizabeth Smith, his
wife, filed their bill in the circuit court of Cook county
seeking to enjoin appellees, the Thomas Elevator Company
and Emmet A. Thomas, from obstructing a certain alley in
the city of Chicago by building over and across the same.
Appellees answered, admitting the threatened obstruction
but claiming the alley was a private alley belonging to ap-
pellees, which had never been used by the general public
except by permission. A temporary injunction issued and
the cause was referred to a master, who took the testimony
and reported the same, together with his recommendation
that the bill be dismissed for want of equity. The circuit
court overruled exceptions filed to the master's report, con-

firmed the same and dismissed the bill for want of equity, from which decree this appeal is perfected.

The following plat shows the alleyway and the ownership of land adjoining it, showing the lot lines without reference to location of fences or buildings:

The sole question is whether the east and west alley immediately north of the E. A. Thomas lot, facing 75 feet on West Monroe street, is a private or public alley. Here is where the threatened obstruction is sought to be erected, and consists of a building or extension of a building of the appellees to the north of the alley.

Whether this passageway is a private alley or not depends upon the proof. We have read the testimony as to the use made of this alley and by whom, and find it both voluminous and conflicting. Appellee Thomas, as shown by the plat, now owns a very considerable part of lot 13,

having acquired different parts thereof at various times. The tract 75 by 81 feet abutting the 20-foot alley on the north of said lot 13 was purchased by Thomas in 1889 from Judge Tuley, executor and trustee of the estate of Mrs. Priscilla D. Hamilton, deceased. The deed described the property by metes and bounds, "subject to a private alley on the south and west side of the premises conveyed." As we understand the testimony, this was the first property purchased by Thomas in this lot. At the time of the purchase there was a frame building on the southwest corner of this tract north and east of the alley described in the deed, the southwest corner of the same being cut off diagonally. Some time later, about 1897, a new frame building was erected on this property for factory purposes, and the southwest corner of this frame building was also cut off. In 1907 this frame building was replaced by a brick building standing where the frame building formerly stood, also having the southwest corner cut off, so that the passageway, which had remained practically as it was when purchased by Thomas, might be used. Later, about 1912, a bumper was erected at the southwest corner of this building, extending somewhat into the passageway in question. Thomas having acquired the property facing 75 feet on West Monroe street and immediately south of this alley, in 1912 erected a brick building thereon, and a bumper erected at the northeast corner thereof also extended somewhat into the passageway. The alleyway mentioned in the deed from Judge Tuley to Thomas is about 10⅓ feet in width, as is also the north and south alley east of Thomas' property facing West Monroe street. Appellants' property faces east on South Hoyne avenue and extends back to the north and south alley last referred to. The buildings of the appellees both to the north and south of the east and west alley, together with the bumper erected at the southwest corner of the north building fronting the 20-foot private alley and the one at the northeast corner of the south building fac-

ing on West Monroe street, make it extremely difficult, if not impossible, for large wagons or other vehicles to pass through said system of alleyways, and the construction of the proposed building across said east and west alley would, of course, entirely stop such through traffic. To stop the closing of this alley was the purpose of the bill in this case.

Appellants claim this alley has been used by the public for through traffic under a claim of right from 1868 or 1870 to September, 1916; that by user it had become a public alley before 1889, the date of the Judge Tuley deed to Thomas, but that in any event its open, adverse, continuous use under claim of right by the public from the date of such deed until the time of its threatened obstruction in September, 1916, constituted it a public alley.

This alleyway was not laid out by the public authorities, and the public records show no plat or map of the same. It has never been recognized by the city authorities as a public alley. The map or plat shown in this opinion was but recently made by a surveyer, showing locations and lot lines as they now exist. Whether or not, therefore, this east and west alley is a public alley is, as we have said before, purely a question of fact, determined by the use made of the same by the public and the nature of such use. The proof shows these various alleys have been used by the public more or less for many years,—possibly as far back as 1870. Peddlers and others doing general hauling have gone through with wagons and carts, and they have also been used by pedestrians. At one time a teamster by the name of Dolan stored some wagons in the east and west alley, and at another time Thomas used it for the same purpose. Since the erection of the brick buildings by appellees there has not been so much use made of the alleys because of the difficulty in turning the corners and the width of the alleys. Thomas testified that while he did not know until three or four years ago that the Tuley deed of 1889

designated a private alley, he knew such alley existed and that it was a private alley, and for a time used it for ingress to and egress from the rear of his property and also kept it open to admit light and air to his north building; that soon after acquiring it he saw it was occasionally used by the public, and he immediately put up signs indicating the alley was a private alley. Several of his employees, and former employees and others, testified to the existence of the signs and that the use of the alley by the public was permissive, only. On the other hand, witnesses for appellants testified they were acquainted with the property and that they had not seen the signs except during the last three or four years. Thomas' testimony was to the effect that formerly it was impossible for a wagon to go from the east and west alley to the north and south alley back of appellants' lot because of a fence-post at the southwest corner of the Caldwell lot shown on the plat, but that the post was later moved back and teams crossed over the corner of said lot, thus making the turn. Thomas now owns all the property abutting the alley mentioned in the Judge Tuley deed, and if the same was then a private alley for the use of the owners of abutting property, and is still a private alley, appellees may, of course, close the same.

The master, who saw and heard the witnesses testify, found the east and west alley was a private alley and that such use of it as was made by the public was permissive, only. The chancellor approved such finding, and after a careful examination of the evidence we cannot say such finding was clearly and manifestly against the weight of the evidence. In fact, we are of opinion the decree is in accordance with the weight of the testimony. It is therefore our duty to sustain the decree of the circuit court. (*Siegel* v. *Andrews & Co.* 181 Ill. 350; *Day* v. *Wright,* 233 id. 218; *Ruddy* v. *McDonald,* 244 id. 494.) The finding that the use of the alley was permissive and not un-

der claim of right determines the character of this alley and settles the only question in this case.

The decree of the circuit court dismissing appellants' bill for want of equity is affirmed.     *Decree affirmed.*

---

(No. 10856.—Reversed and remanded.)
THE SHELLABARGER ELEVATOR COMPANY, Appellee, *vs.*
ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed April 19, 1917—Petition stricken June 6, 1917.*