**Joanna Byczek and Mark J. McNamara, Appellees, v. Jozefa Sokolowski, Appellant.**

**Gen. No. 37,374.**

Opinion filed February 13, 1935.

TRUDE & KAHANE and S. GEO. JACOBZAK, all of Chicago, for appellant; MARTIN PIEPENBURG, of Chicago, of counsel.

HARRY A. FLECK, of Chicago, for appellees.

MR. JUSTICE HALL delivered the opinion of the court.
This is an appeal from a decree of the circuit court of Cook county entered in a proceeding brought to foreclose a mortgage trust deed on certain real estate. The bill filed in the case recites *inter alia* that on October 6, 1922, Andrew Byczek, Jr., and his wife, being indebted in the sum of $6,000, executed a principal note for that amount, bearing interest at the rate of six per cent per annum, together with 10 interest coupons of the same date, the principal note maturing in five years after this date. The interest coupons were made payable every six months and were for $180 each. The principal and interest coupons were made payable to the order of the makers and were indorsed by them. A trust deed was given by Andrew Byczek, Jr., and his wife, on certain real estate conveyed to Mark J. McNamara, trustee, to secure the payment of the principal and interest notes, and it is alleged that subsequent to the execution of the note, coupons and trust deed,

the title to the real estate was conveyed to Jozefa Sokolowski, the defendant. It is further alleged that on October 6, 1927, Jozefa Sokolowski and the trustee entered into an agreement for the extension of the payment of the loan for five years from October 7, 1927, and that at the same time she executed 10 interest notes payable biannually, as in the case of the first interest coupons. It is alleged that Andrew Byczek, Sr., was, at the time of the making of the original loan and the extension agreement, the owner of the principal note and the trust deed given to secure its payment, and that at the time of the making of such extension agreement, Andrew Byczek, Sr., delivered to Jozefa Sokolowski certain papers, and that by mistake and inadvertence, the principal note, marked ''Paid,'' came into the possession of the defendant. It is also alleged that in the interim between the making of the extension agreement and the filing of the bill, Andrew Byczek, Sr., died, and that Joanna Byczek, complainant, is now the legal owner of the unpaid principal note and the indebtedness represented thereby. It is further alleged in the bill that the defendant has continued the payment of the interest notes, and that after a search for the principal note, and being unable to find the same, complainant learned that such note was in the possession of the defendant; that demand was made upon defendant for the return thereof, and that she frequently promised to return the same to the complainant, but that up to the time of the filing of the bill, she had neglected and refused so to do. In her answer, defendant denies that the principal note was marked ''Paid'' and delivered to defendant by mistake and inadvertence, and that the defendant is in default in the payment of the sum of $6,000 represented by the said note, but on the contrary, insists that the note sued on has been paid. On the issues made, the matter was referred to a master in chancery,

who examined a number of witnesses and reported his finding.

Andrew Byczek, Jr., maker of the original note and trust deed, who was the owner of the premises conveyed, at that time, and who had since conveyed the premises to the defendant, testified in substance that at the time the principal note, coupons, and trust deed were made, they were turned over to his father. He stated that his father died on June 20, 1928, and that a week after his death, he and his mother looked through a box containing the extension agreement and other documents, including the interest notes, and found that the principal note was missing; that he made a search for the principal note, but was unable to find it; that he then called upon the defendant and asked her if she had the principal note, and that she said she had it and showed it to him, and that defendant told the witness she would not give the note to the witness until she had consulted her lawyer, but that she would return it. This witness testified that defendant subsequently paid all of the interest notes executed at the time the extension agreement was made. He further testified that at the time the defendant paid the last of the interest notes, the witness was present, and that defendant told his mother, one of the complainants, that she would return the principal note. He further testified that at this time the defendant requested of his mother that the loan be extended, and that the principal note was still due and unpaid.

Elsie Byczek testified in substance that in August, following the death of Andrew Byczek, Sr., she went to the home of the defendant with the complainant, Joanna Byczek, and asked her if she had the note, meaning the principal note, and defendant answered that she did, but that the parties would have to come back because she, defendant, would have to see if the note was in the bank or not; that subsequently the wit-

ness heard a conversation between the parties at the home of the complainant, Joanna Byczek, and that defendant said to Joanna Byczek that she would return the principal note when the five years was up, if they would renew the mortgage.

Eva Byczek testified that she was a sister-in-law of Joanna Byczek; that about August, 1928, she, together with the complainant, visited the defendant and asked her to return the $6,000 principal note, and that defendant said that if she gave it up, she would have to pay $12,000 instead of $6,000.

Joanna Byczek, complainant, testified that defendant paid her the interest up to and including October 6, 1932, when the last coupon became due, but that the $6,000 was never paid either to her or to her husband in his lifetime; that she and her husband were the owners of the property in question, and that they had conveyed it to their son, who gave the original note and mortgage trust deed; that she called on defendant and asked her for this principal note, and defendant said she would give it back if they gave her security and assured her she would not have to pay $12,000. This witness further testified that at no time did defendant claim that she had paid the amount of the principal note, or anything on account thereof.

Steve Adamowski, a witness produced by complainant, testified in substance that he is an attorney-at-law; that he knows all the parties to the transaction; that he had a conversation with the defendant with reference to the $6,000 note at her home in the latter part of September or the first part of October, 1928, which was one of the series of conferences about the note in question; that defendant told the witness that she wanted to be certain that if she surrendered the $6,000 note, that would be all she would have to pay, other than the interest, and the witness told the defendant that he would prepare and give her a bond to protect

her against any such contingency, if she would deliver the note to the complainant; that subsequent to this conversation, he prepared such a bond and surrendered it to the solicitor for defendant, but that it was never executed or accepted by the defendant, and that in the transaction, he was acting for the complainant.

Jozefa Sokolowski testified that in October, 1927, at the time the extension agreements were made, Andrew Byczek, Sr., told the witness that if she would pay him $75, he would mark the principal note ''Paid'' and that thereupon he wrote the word ''Paid'' on it, and that she paid him $75 therefor.

The master found that the note in question had not been paid, that it is the property of complainant, that the amount alleged to be due thereon is due, and that complainant's right of action is well founded. Pursuant to this report, a decree of sale was entered, and it is from this decree that this appeal is being prosecuted.

There is nothing in the record to indicate that prior to the filing of the bill herein, defendant ever claimed that this principal note was paid, and that Andrew Byczek, Sr., the owner of the note until his death, marked it ''Paid'' in consideration of the payment to him by defendant of the sum of $75, or for any other reason. While possession of the note by defendant marked ''Paid'' raises a presumption that it was paid, and that defendant was in the rightful possession of it, we are of the opinion that the evidence shows clearly that defendant obtained possession of such note under the circumstances charged in the bill. It appears from the evidence that Andrew Byczek, Sr., was not familiar with the English language, and that he had no person to advise him at the time the extension agreement was made. Defendant's story concerning the release of her liability on the note for the alleged payment to her of $75, is, to say the least, improbable. However, the master heard and saw the witnesses, and we are of the

opinion that his findings and conclusions are justified.

In *Siegel v. Andrews & Co.,* 181 Ill. 350, the Supreme Court said:

"The first contention raises a question of fact, which has been passed upon adversely to appellants by the master. This finding has been approved by the chancellor, and, after a careful reading and consideration of the evidence, we cannot say that its weight is manifestly and clearly against the finding, and that being so, we should not and will not disturb it. *Miltimore v. Ferry,* 171 Ill. 219."

Also, in *Hogg v. Eckhardt,* 343 Ill. 246, in commenting upon the weight to be given to the testimony of a witness contained in the master's report, the Supreme Court said:

"The testimony of this witness has been subjected to a severe attack by counsel for appellee. The master heard the witness and had an opportunity to study him while he was on the witness stand."

Upon the record before us, we are of the opinion that the master was entirely justified in rendering the report he did, and that the action of the court in affirming this report and entering the decree was proper. The decree of the circuit court is affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.