NATHANIEL GANDY *et al.*

*v.*

LYDIA J. COLEMAN *et al.*

*Opinion filed April 16, 1902.*

196    189
102a   1492

1. APPEALS AND ERRORS—*one cannot complain of error not affecting his interests.* Where mortgagors have parted with their whole title to their grantee, they cannot, in case of foreclosure, urge as error provisions of the decree affecting the disposition of the title between their grantee and a subsequent purchaser from him.

2. MORTGAGES—*when accrued rent should not be applied upon a deficiency decree.* A grantee of the mortgagors who assumes the encumbrance becomes the principal debtor and the mortgagors stand in the position of sureties for him, but they are not entitled to have rents which accrued prior to the filing of the foreclosure bill, and which were not subject to the lien of the mortgage, applied upon the deficiency decree, where there is nothing to show that their grantee is not able to discharge the obligation which he assumed.

*Gandy* v. *Coleman*, 99 Ill. App. 391, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Christian county; the Hon. TRUMAN E. AMES, Judge, presiding.

FRANK P. DRENNAN, for appellants.

JOHN E. HOGAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Third District affirming a decree of the circuit court of Christian county in a suit instituted by the

appellee Lydia J. Coleman for the foreclosure of a mortgage made to her by the appellants, Nathaniel Gandy and Loretta F. Gandy.

The first alleged error argued by counsel for appellants is, that the decree is not based upon the pleadings but grants relief not warranted by them. The provision of the decree which is said to be beyond the scope of the pleadings is one which sets aside a conveyance of the mortgaged premises by George E. Sharp to N. Douglas Ricks and re-invests the title in Sharp. The bill was the ordinary bill to foreclose the mortgage made by appellants, and it averred that they conveyed the premises, subject to the mortgage, to appellee George E. Sharp, who assumed the mortgage debt as a part of the purchase price of the premises, and that Sharp conveyed the premises to N. Douglas Ricks, who did not assume the debt. Appellants and the appellees George E. Sharp and the heirs and personal representatives of N. Douglas Ricks, who had died, were made defendants. George E. Sharp answered that the conveyance of the mortgaged premises by him was made to N. Douglas Ricks as the agent of the mortgagee, Lydia J. Coleman, in satisfaction of the mortgage indebtedness, and he also filed a cross-bill alleging that, a foreclosure of the mortgage having been threatened, he executed the deed to N. Douglas Ricks, as the agent of Lydia J. Coleman, in payment of the debt and delivered possession of the premises to such agent. The prayer of the cross-bill was that the heirs and representatives of N. Douglas Ricks be required to convey the premises to Lydia J. Coleman in satisfaction and discharge of her mortgage, or if that relief was refused, that an account should be taken of the rents and profits collected by N. Douglas Ricks and his heirs and representatives, and they should be required to pay the same to said Sharp. Lydia J. Coleman answered the cross-bill, denying the authority of N. Douglas Ricks to transact business generally for her or to accept the conveyance in

satisfaction of the mortgage. By the decree the mortgage was foreclosed and a sale ordered, and the court also set aside the conveyance from George E. Sharp to N. Douglas Ricks, and ordered the executrix of N. Douglas Ricks to pay to George E. Sharp, in due course of administration, $121.78, the net amount of rents received. Appellants were the mortgagors and had parted with their whole title to George E. Sharp. They are in no manner interested in what became of the title after they conveyed it, or in the relative rights of George E. Sharp and the heirs and legal representatives of N. Douglas Ricks. If there was any error in setting aside the conveyance, it was one which in no way concerned the appellants, and they are not entitled to be heard on the subject.

One other complaint is made, and it is that the decree is conflicting and uncertain in its provisions. While it orders the executrix of N. Douglas Ricks to pay to George E. Sharp, in due course of administration, the net amount of rents collected, the court, in its findings preceding that order, recites that the rents ought to be applied on the mortgage indebtedness. Upon a sale there was a deficiency of $478.60, for which a decree was rendered against appellants and the appellee George E. Sharp. Appellants insist that the rent should be applied on that deficiency decree. George E. Sharp having assumed the encumbrance, became, as between him and appellants, the principal debtor and appellants occupied the relation of sureties for him. The rents accrued before the bill was filed to foreclose the mortgage and were not subject to the mortgage lien. The court having found that N. Douglas Ricks held the title in trust, not for the mortgagee, but for George E. Sharp, the rents belonged to the latter. Neither Lydia J. Coleman nor appellants had any lien upon the rents, and there is nothing in the record showing any equity of appellants, as sureties for George E. Sharp, to have the money applied on the deficiency de-

cree. If there was any error in the decree it was in finding that the rents ought to be applied on the mortgage debt, and not in the decree of the court that it should be paid to George E. Sharp. There is nothing to show that he is not entirely responsible and able to discharge the obligation he assumed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE RICKS, having been of counsel in this case below, took no part in its decision here.