## Nettie Emery Beatty et al. v. Robert Somerville.

1.  PARTIES—*Must Have an Interest in the Subject-matter of the Litigation.*—A party can not raise or be heard on any question in the determination of which he has no interest.

2.  CHANCERY PRACTICE—*Findings of the Master, When Conclusive.* —Where the findings of the master have been approved by the trial court, they will not be disturbed, unless clearly and manifestly against the weight of the evidence.

Bill to Foreclose a Trust Deed.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding.    Heard in this court at the October term, 1901.    Affirmed.    Opinion filed June 23, 1902.

Statement.—This is an appeal from a decree foreclosing a trust deed executed by appellants to appellee to secure payment of a promissory note made by appellants, interest, etc.

December 22, 1896, appellants executed to appellee a promissory note for the sum of $4,289.20, payable to their own order three years after the date thereof, with interest at the rate of seven per cent per annum, payable semi-annually on

the twenty first days of June and December of each year; also six other notes for the semi-annual interest, each for the sum of $152.12. They indorsed and delivered to appellee all of said notes, and, to secure payment of the same, executed to Henry M. Mayer, one of the complainants in the bill, a trust deed of certain described real property. The bill was filed June 27, 1900, and alleges default in payment of the principal note and the coupon or interest note due December 21, 1899. The trust deed contains the usual terms and provides for the payment of $100 as solicitor's fees. It appears from the evidence that January 26, 1895, appellants executed to the Pacific Loan and Homestead Association a bond in the penalty of $6,000, in the conditional part of which it is recited that they were the owners of sixty shares of the stock of the association of the twenty-seventh series, which shares they had transferred to the association as collateral security for the payment of $6,000 borrowed by them from the association; said sum being payable in monthly installments of $30 each, on or before the last day of each month from the date of said series, and interest on said sum of $6,000 at the rate of eight per cent per annum in equal monthly installments of $40, until the stock should attain the value of $100 per share, etc. The bond contained numerous other provisions unnecessary to be here mentioned in detail. At the same date appellants, to secure payment of the bond, executed to the association a mortgage of the premises described in the trust deed foreclosed by the decree appealed from. December 22, 1896, appellants were indebted to the association on their loan in the sum of $4,289.20, the amount of the principal note secured by the trust deed first above mentioned. Appellant, William R. Beatty, testified that a few days prior to December 22, 1896, appellee Somerville, who was then a shareholder and a director of the association, called on him and talked with him about appellants' loan from the association, and said that the association was in a failing condition, and that if appellants did not get out of it they would lose all they had paid; and offered either to get for or make to appellants

a loan to pay their loan to the association.  Appellant William R. Beatty consulted with his wife, Nettie E. Beatty, about the matter, and, as a result, the notes and trust deed in question were executed.  The evidence is that appellee procured the cancellation and surrender by the association of the bond and mortgage executed by appellants to the association.  It appears from the evidence that this was done by the surrender to and cancellation by the association of certain shares of stock.  Hossie, who was the bookkeeper and office manager of the association, testified in respect to appellants' loan :

"The loan was wiped out by fifty shares of stock of the twenty-first series, owned by Charles Spencer, and two shares of the twenty-first series, owned by Florence Spencer, and twenty shares each in the fourteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-fifth and twenty-sixth series, owned by Robert Somerville, and sixty shares in the twenty-seventh series, owned by Nettie E. Beatty and William R. Beatty."

Being asked what amounts these shares of stock were credited with, the witness answered :

"The amount paid in on dues on the stock owned by Charles L. Spencer was $1,050, Florence F. Spencer, $42, and the stock of the Beattys, $660, which stock was always held by the association as collateral to the loan, from the time the loan was made."

The master found that there was due to the complainant the sum of $4,992, including $100 solicitor's fees, and the court overruled exceptions to the report, approved the report and decreed in accordance with the master's recommendations.

M. L. RAFTREE, attorney for appellants.

GERALD TURNBULL and ENOCH J. PRICE, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The master, in his report, states the defense to the bill and his conclusions in respect to the same, as follows :

"The defense is made that when the note sued on was made Somerville was a director of the association, familiar with its affairs; that said association was insolvent, and Somerville used his position in the association and bought up the mortgage and bond given by the Beattys with stock belonging to said Somerville and procured from others, and thus became the owner of said note and trust deed, thereby realizing more than he otherwise would have, and procured a preference over the other creditors of the association; that Somerville, by virtue of his position as a director, and in violation of his duties as a director, obtained an advantage over the other stockholders by taking the securities belonging to said association in exchange for stock which he held, and without notice, while other stockholders who had given notice of withdrawal and to whom payment was then due, were unpaid and the fund out of which they should have been paid was diminished by the action of Somerville; that the action of Somerville constitutes a fraud on his fellow-stockholders, as such is against public policy and void, and hence Somerville will not be permitted to claim the aid of a court of equity to foreclose the trust deed given by the Beattys with the proceeds of which they, the Beattys, had intended to take up the bond and mortgage given to the association, but will dismiss the bill for want of equity, or at the farthest allow Somerville to collect only so much on account thereof as he would have received on the stock given in exchange for said Beattys' bond and mortgage on the winding up of said association by the receiver. I find from the evidence that the note and trust deed were delivered by the Beattys to the complainant for the purpose of raising the money with which to take up and discharge the bond and mortgage, which then belonged to said association; that complainant did take up such bond and procured the release of the mortgage; that he was then a director of the association and knew its financial situation; that he took up the bond and mortgage of said Beattys with stock of said association, by surrendering the same to the association for an amount equal to the amount due on said bond and mortgage, and equal to the amount called for in the note and trust deed delivered by the Beattys; that, at the time of taking up of said bond and mortgage by complainant, there were notices for withdrawal filed by other stockholders which entitled them to be paid, and who remained unpaid; that said association was not then meeting its obligations as they matured; that complainant, by giving his own stock in liquidation of the bond and mortgage of the

Beattys to said association, acquired a preference over other stockholders; that the Beattys knew nothing of the means by which the release of said bond and mortgage was obtained, and were not participants in the means by which their debt was canceled and their mortgage released, beyond executing to Somerville the note and trust deed sued on in this case, and have derived the full benefit of said indebtedness to said association; that the transaction has not been questioned by the association, its stockholders or creditors. Can not see how the note and trust deed are affected by any transaction between Somerville and the association with which the Beattys were in no way connected, or how the Beattys can use for their advantage the acts of Somerville toward other stockholders or creditors, of which acts neither the association, its stockholders or creditors are complaining; that complainant paid for said bond and mortgage in property to the full face value of the note, to the satisfaction of the association; had the same canceled, and took a release of said mortgage, and is now the legal holder and owner of said note. Concludes, that whatever may have been the character of the transaction between Somerville and the association, it can in no wise affect the relation of Somerville to the Beattys, and the Beattys have failed to make a defense to the bill."

We think it clear, from the testimony of appellant William R. Beatty, that he left the whole matter of the payment to the association of the amount due on the loan to Somerville. He testified that he had no understanding with Somerville as to what he would do toward securing a release and the settlement of the loan; that he, himself, intended to pay the amount due with money to be secured from Somerville; that he took no steps to secure the release of the bond and mortgage, and made no inquiry about the matter of Somerville or anybody; that he trusted Somerville to attend to the matter; that he expected to receive the money to pay the loan himself, but never asked for it. It also appears from the evidence that appellant, for himself and his wife, Nettie, paid five installments of the interest to appellee. That appellants, or either of them, expected to receive the money on their note and mortgage, seems incredible. The trust deed to secure payment of their note was appellee's only security; it was, therefore,

his interest to see that the mortgage to the association of the same property described in the trust deed was released, and appellant William R. Beatty, who seems by his evidence to be a man of at least average intelligence, could hardly have expected that money raised on the trust deed to pay off the mortgage would have been handed over to him. His conduct is contrary to such expectation on his part, because, as he testified, he never asked Somerville for any money, and paid five of the interest notes. The main contention of appellants' counsel is, that appellee, in procuring the release and surrender of appellants' bond and mortgage, by the surrender of other stock of the association, issued to other parties, took advantage of his position as a director, to the disadvantage of other stockholders and the corporation. As stated by the master, neither the corporation nor any stockholder is complaining, and we can not perceive that appellants have any interest in these questions. The sole personal object of appellants, in the execution of the notes and trust deed, was to procure from the corporation a release of their bond and mortgage. That object has been attained. So far as they are concerned, they are in precisely the same position they would have been in, had the bond and mortgage been released on payment by them of the balance due on their bond, for which balance they were clearly liable. They have no interest whatever in questions, if any, between appellee and the corporation, or between him and other stockholders, and we understand the rule to be fundamental that a party can not raise or be heard on any question in the determination of which he has no interest. Gandy v. Coleman, 196 Ill. 189, 191; Smith v. Hickman, 68 Ib. 314; Havighorst v. Lindberg, 67 Ib. 463, 468.

Appellants' counsel further contends that Charles L. Spencer and Florence F. Spencer have an interest in the stock surrendered by appellee to the association, and therefore should be parties to the bill. We do not find any specific objection of a want of proper parties in the objections to the master's report, which were treated as excep-

tions on the hearing, but even though it had been specifically objected that the Spencers were necessary parties, the objection could not, as we think, be properly sustained. The evidence is that appellee had and surrendered their stock to the association, and his possession of and surrender of the stock is evidence of his ownership of it, and, consequently, of his right to surrender it. Appellant Nettie E. Beatty admits in her answer that appellee owned the stock which he transferred to the association. Counsel dwell on the language of the witness Hossie, that the Spencers " owned " the stock, but in view of the fact that appellee possessed the evidence of title to it, and in fact surrendered it to the corporation, the word " owned " must be understood as referring to its original ownership, to the fact that the shares were originally issued to the Spencers.

The findings of the master have been approved by the court, and in such case the rule is that they will not be disturbed unless clearly and manifestly against the weight of the evidence. Siegel v. Andrews & Co., 181 Ill. 350, 356. The decree will be affirmed.